Opinion issued June 9, 2016



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00015-CV

———————————

## IN THE MATTER OF S.G.R.

---

**On Appeal from the 315th District Court**
**Harris County, Texas**
**Trial Court Case No. 2014-05875J**

---

## O P I N I O N

The juvenile court waived its jurisdiction over S.G.R., a minor, and transferred him to the criminal district court to be tried as an adult for the offense of murder. S.G.R. contends that the juvenile court erred in doing so. We affirm.

**Background**

Fourteen-year-old Jose Meraz was a prospective member of the criminal street gang MS-13 who no longer wished to join. His change of heart cost him his life. Several members of the gang murdered Jose for his forsaken allegiance. In the ensuing investigation, S.G.R., another fourteen-year-old prospect, confessed to his participation in the murder to law enforcement officers. He and at least two members of MS-13, including one of his older brothers, slew Jose with a machete. Together they inflicted 46 separate injuries to Jose's head, face, neck, back, arms, hands, and legs. S.G.R. admitted that he struck Jose multiple times.

The State initially filed a petition to adjudicate S.G.R. a juvenile delinquent, but it subsequently moved that the juvenile court waive its jurisdiction and transfer S.G.R. to the criminal district court to stand trial as an adult. After a transfer hearing during which the juvenile court received documentary evidence and heard testimony from three of the law enforcement officers who investigated the murder, two psychologists who examined S.G.R., and several other fact witnesses, the court entered an order finding that the seriousness of the alleged crime and S.G.R.'s background required that he be transferred to the criminal district court for prosecution as an adult. S.G.R. appeals the juvenile court's order waiving its jurisdiction and transferring him. *See* TEX. FAM. CODE § 56.01 (West Supp. 2015).

**Juvenile Court's Waiver of Jurisdiction**

S.G.R. contends that the juvenile court's decision to waive its jurisdiction and transfer him to the criminal district court to be tried as an adult must be reversed for two independent reasons. First, he argues that there is no evidence in the record that the State filed and served him with a motion to waive juvenile jurisdiction and that both are required in order for a juvenile court to consider transfer. Second, he argues that the evidence is legally and factually insufficient to sustain the juvenile court's stated findings supporting its order to transfer him to the criminal district court.

**A.     Criteria for waiver of juvenile jurisdiction**

Children ordinarily are not subject to criminal proceedings like adults. Instead, juvenile courts have exclusive original jurisdiction over cases involving what otherwise would be criminal conduct by children 10 years of age or older and under 17 years of age. TEX. FAM. CODE §§ 51.02(2)(a), 51.03(a)(1), 51.04(a) (West Supp. 2015). But if a juvenile court determines that certain conditions are met after an evidentiary hearing, it may waive its jurisdiction and transfer a child to the district court for criminal proceedings. TEX. FAM. CODE § 54.02(a), (c) (West 2014). The State initiates this process by requesting such a hearing and providing notice. *Id.* § 54.02(b).

To transfer a child who is alleged to have committed a felony of the first degree, like murder, to the criminal district court, a juvenile court must find that

(1) the child was 14 or older at the time of the alleged offense; (2) there is probable cause to believe the child committed the offense; and (3) the seriousness of the alleged offense or the background of the child requires criminal rather than juvenile proceedings. *Id.* § 54.02(a). In deciding whether the preponderance of the evidence satisfies this last requirement, the juvenile court must consider four non-exclusive factors:

> (1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;
>
> (2) the sophistication and maturity of the child;
>
> (3) the record and previous history of the child; and
>
> (4) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

*Id.* § 54.02(f).

All four of the Section 54.02(f) criteria need not weigh in favor of transfer in order for a juvenile court to waive its jurisdiction. *Moon v. State*, 451 S.W.3d 28, 47 (Tex. Crim. App. 2014). Any combination of these criteria may suffice. *Id.* at 47 n.78. If it decides to waive its jurisdiction based on its consideration of these factors, the juvenile court must enter a written order in which it states specifically its reasons for waiver and its findings. TEX. FAM. CODE § 54.02(h) (West 2014).

**B. Appellate review of juvenile court's waiver**

On appeal, we first review the legal and factual sufficiency of the evidence relating to the juvenile court's specific findings of fact regarding the four factors stated in Section 54.02(f). *Moon*, 451 S.W.3d at 47. When reviewing the legal sufficiency of the evidence, we credit the proof favorable to the findings and disregard contrary proof unless a reasonable factfinder could not reject it. *Moon v. State*, 410 S.W.3d 366, 371 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 451 S.W.3d 28 (Tex. Crim. App. 2014). If there is more than a scintilla of evidence supporting a finding, then the proof is legally sufficient. *Id.* When reviewing the factual sufficiency of the evidence, we consider all of the proof presented to determine if the juvenile court's findings are so against the great weight and preponderance of the proof as to be clearly wrong and unjust. *Id.* But our review of the sufficiency of the evidence supporting waiver is limited to the facts the juvenile court expressly relied on in its transfer order. *Moon*, 451 S.W.3d at 50.

If the findings of the juvenile court are supported by legally and factually sufficient proof, then we review the ultimate waiver decision under an abuse of discretion standard. *Moon*, 451 S.W.3d at 47. As with any decision that lies within the discretion of the trial court, the salient question is not whether we might have decided the issue differently. *Id.* at 49. Instead, we consider in light of our review of the sufficiency of the evidence whether the juvenile court's decision represents a

5

reasonably principled application of the Section 54.02(f) factors or was essentially arbitrary or made without reference to the statutory criteria for waiver. *Id.* at 47. So long as the juvenile court correctly applies these statutory criteria and complies with the requirement to specifically state its supporting findings, its waiver decision generally will pass muster under this standard of review. *Id.* at 49.

**C.      The record shows that the State requested waiver of juvenile jurisdiction and the juvenile court therefore had jurisdiction to consider transfer.**

Citing Section 54.02(b) of the Texas Family Code, S.G.R. contends that the juvenile court's order waiving its jurisdiction and transferring him to the criminal district court must be reversed because there is no evidence in the record that the State filed and served him with a motion to transfer. *See Allen v. State*, 657 S.W.2d 815, 816 (Tex. App.—Houston [1st Dist.] 1982, pet. dism'd) (failure to comply with Section 54.02(b)'s petition and notice requirements deprives juvenile court of jurisdiction to consider transfer). But the State's amended petition, in which it requested that the juvenile court waive its original jurisdiction and transfer S.G.R. to criminal court, is in the record. The juvenile court's order waiving jurisdiction also recites that the State satisfied the statutory requirements regarding service of the petition and notice. The summonses served on S.G.R. and his mother and the returns of service are in the record and were introduced into evidence at the waiver hearing without objection. These summonses indicate that they were accompanied by the petition and identify the purpose of the hearing as "considering waiver of jurisdiction

6

over and discretionary transfer to criminal district court." Thus, the evidence is sufficient to demonstrate that the State satisfied Section 54.02(b)'s petition and notice requirements and that the juvenile court therefore had jurisdiction to consider S.G.R.'s transfer to the district court for criminal proceedings. *See State v. C.J.F.*, 183 S.W.3d 841, 851 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (jurisdiction over juvenile exists if record affirmatively shows satisfaction of statutory service and notice requirements); *see, e.g.*, *Adams v. State*, 180 S.W.3d 386, 397–98 (Tex. App.—Corpus Christi 2005, no pet.) (juvenile court had jurisdiction to transfer where record showed proof of service of summons and petition).

We overrule S.G.R.'s first issue.

## D.    The juvenile court did not abuse its discretion by waiving its jurisdiction.

### 1.    The proof is legally and factually sufficient to support the juvenile court's specifically stated Section 54.02(f) findings.

S.G.R. stipulated to his date of birth and confessed to his participation in the murder. Thus, the dispositive issue before the juvenile court was whether the seriousness of the offense or S.G.R.'s background required criminal proceedings instead of juvenile proceedings. *See* TEX. FAM. CODE § 54.02(a). The juvenile court found that waiver of its jurisdiction was necessary due to both the seriousness of the offense and S.G.R.'s background. In support of this determination, the juvenile court

7

stated specific findings of fact relating to each of the four factors set forth in Section 54.02(f).

### a.    Offense against the person

The juvenile court found that, as an offense against the person, murder favored waiver of its jurisdiction. It further found that the circumstances of this particular murder were especially egregious and aggravated. In particular, the juvenile court noted that the State alleged that S.G.R. and others slew a child 14 years of age with a machete and that the victim sustained 46 different injuries, including injuries to his head, face, neck, back, arms, hands, and legs. The juvenile court also noted that S.G.R. and the others involved in the murder were associated with the MS-13 criminal street gang and that they murdered the victim because he reneged on his commitment to join it.

S.G.R. does not contest that the offense—murder—is one against the person and therefore weighs in favor of the juvenile court's waiver of jurisdiction. He instead attempts to discount the significance of this factor, arguing that waiver is not appropriate merely because the alleged offense was a serious one committed against a person. If the juvenile court simply had concluded that the offense was against a person and made no additional findings, we might agree with S.G.R. *See Moon*, 451 S.W.3d at 50 (juvenile court abuses its discretion if sole reason and factfinding supporting waiver is that offense was against a person). But the Court of Criminal

Appeals has distinguished between generic findings relating to "the category of crime alleged" and findings concerning "the specifics of the particular offense." *Id.* at 48. The juvenile court focused on the latter, observing that the State alleged S.G.R. helped hack to death another 14-year-old child with a machete. The evidence included extensive testimony from the investigating law enforcement officers about S.G.R.'s participation in and the other circumstances surrounding the murder. S.G.R. concedes that the murder was "horrendous."

In other words, this case involves an offense against a person, specifically murder, but not just any murder. The juvenile court found that this case involved the brutal slaying of a 14-year-old child. There is more than a scintilla of proof supporting its determination that the circumstances of this particular murder were especially egregious and aggravated. The great weight and preponderance of the evidence is not to the contrary. The evidence therefore is legally and factually sufficient to support the juvenile court's finding that Section 54.02(f)(1) favored waiver of its jurisdiction.

b.      **Sophistication and maturity of the child**

Relying on the testimony of the State's expert psychologist, Dr. Alexandra Tellez, the juvenile court found that S.G.R.'s sophistication and maturity weighed in favor of the waiver of its jurisdiction. The court noted that, though S.G.R. had "an average level of maturity" in general, he exhibited "an above average level of

9

criminal sophistication and dangerousness" and maturity when his participation in Jose's murder was taken into consideration.

S.G.R. argues that Tellez's testimony is legally and factually insufficient to support waiver because "the exceptional measure of transferring a 14 year old to the criminal court should only be taken when the child exhibits a high level of sophistication and maturity not a moderate level." The law is to the contrary—no particular finding on sophistication or maturity is required. *See Moon*, 451 S.W.3d at 47 (court's waiver order need not be supported by all four Section 54.02(f) factors). But even if waiver were appropriate solely when a juvenile had more than "a moderate level" of sophistication or maturity, the court accepted Tellez's opinion that S.G.R. does in fact have "an above average level of criminal sophistication and dangerousness" when the murder in question is taken into consideration. S.G.R. contends that this evidence remains factually insufficient because the court "completely ignores" contrary testimony offered by S.G.R.'s expert psychologist, Dr. Steven Thorn, who opined that S.G.R. possesses moderate sophistication and maturity. But the juvenile court is not required to exhaustively catalogue all evidence introduced during the transfer hearing in its written order; the statute merely requires it to specify its reasons and findings for waiver. *See* TEX. FAM. CODE § 54.02(h). And like any other factfinder, the juvenile court was entitled to credit Tellez's opinion over Thorn's. *See Dashield v. State*, 110 S.W.3d 111, 115 (Tex. App.—

10

Houston [1st Dist.] 2003, pet. ref'd) (trial court sitting as trier of fact is free to believe or disbelieve any part of expert's testimony).

The juvenile court found that S.G.R.'s relative sophistication and maturity weighed in waiver of his transfer for trial as an adult. There is more than a scintilla of proof supporting its determination that S.G.R.'s sophistication and maturity were above average when considered in the context of the crime committed. The great weight and preponderance of the evidence is not to the contrary. The evidence therefore is legally and factually sufficient to support the juvenile court's finding that Section 54.02(f)(2) weighed in favor of the waiver of its jurisdiction.

c.     **Record and previous history of the child**

The juvenile court also found that S.G.R.'s record and previous history weighed in favor of the waiver of its jurisdiction. Though he did not have a criminal record, the court noted that S.G.R. admitted to additional criminal activity during his interview with Dr. Tellez, including the sale of marijuana on three occasions as well as frequent possession and use of the drug. In addition, the court noted that S.G.R. is associated with the MS-13 street gang.

S.G.R. contends that there is legally and factually insufficient proof to support the juvenile court's findings because his "record and history reveal he had no prior criminal history of any kind" and that S.G.R.'s other misconduct was not serious enough to warrant transfer. While it is true that S.G.R.'s record does not reflect prior

delinquency or criminal proceedings, it is not true that he does not have any previous history of criminal conduct. As the juvenile court noted in its findings, S.G.R. admitted to the sale and habitual use of marijuana during his interview with Dr. Tellez. Standing alone, these criminal but non-violent activities might not support a finding in favor of waiver under this factor. But they do not stand alone. The juvenile court also relied on S.G.R.'s admitted association "with the MS-13 criminal street gang," and the court heard substantial evidence regarding the gang and S.G.R.'s affiliation with it. A juvenile court does not err by according significant weight to evidence of affiliation with a criminal street gang in connection with a child's record and previous history, as these gangs are by definition regularly engaged in criminal activities. *See* TEX. PENAL CODE § 71.01(d) (West 2011) (defining "criminal street gang"); *see also In re D.J.*, 909 S.W.2d 621, 624 (Tex. App.—Fort Worth 1995, writ dism'd w.o.j.) (gang membership is factor that may weigh in favor of transfer for trial as adult); *In re G.F.O.*, 874 S.W.2d 729, 732–33 (Tex. App.—Houston [1st Dist.] 1994, no writ) (affirming juvenile court's waiver of jurisdiction in case in which evidence showed juvenile was gang member).

In sum, evidence in the record supports the juvenile court's findings of prior criminal activity and gang involvement. No evidence contradicts them. Accordingly, there is more than a scintilla of proof supporting its determination that S.G.R.'s record and previous history weighed in favor of transfer for trial as an adult, and the

great weight and preponderance of the evidence is not to the contrary. The evidence therefore is legally and factually sufficient to support the juvenile court's finding that Section 54.02(f)(3) weighed in favor of the waiver of its jurisdiction.

**d.     Protection of the public and rehabilitation of the child**

The juvenile court found that the juvenile justice system could not adequately protect the public or rehabilitate S.G.R. In support, it noted the "egregious and aggravated" nature of the murder and that S.G.R. is "entrenched in the MS-13 gang" with his two older brothers both holding leadership roles in the gang. The court also relied on Dr. Tellez's opinion that S.G.R.'s "'cruel and callous behavior'" and lack of empathy for others may indicate psychopathic features that could complicate treatment and that the brutality of the murder "'suggests extremely negative attitudes that condone crime and violence.'"

S.G.R. contends that the evidence is legally and factually insufficient to support the juvenile court's findings regarding rehabilitation or public safety because its findings are conclusory and lack the required specificity. Regarding rehabilitation, S.G.R. argues that the record contradicts the court's finding because Dr. Thorn opined that the juvenile justice system could provide the structure necessary to rehabilitate S.G.R. S.G.R. contends the same with respect to public safety on the basis that he could be incarcerated for up to 40 years within the juvenile justice system. S.G.R. also notes that this murder was his "first offense."

13

The investigating law enforcement officers testified at the transfer hearing about S.G.R.'s affiliation with MS-13 and his two older brothers' leadership roles within the gang. No proof in the record contradicts their testimony, and S.G.R. does not contend otherwise. Nor does S.G.R. dispute that Tellez offered the testimony on which the court relied in its written order. Instead, S.G.R. once again asserts that the juvenile court ought to have been persuaded by his expert's testimony. Setting aside the court's entitlement to accept or reject expert opinion as it saw fit, S.G.R.'s own expert, Dr. Thorn, agreed that MS-13 is a very violent gang and that his older brothers' membership diminishes the likelihood that S.G.R. will be able to turn his back on it. Thorn did opine that S.G.R. was not a psychopath and recommended that he not be tried as an adult. But Thorn also testified that S.G.R. was not a low risk in terms of future violence and did not exhibit empathy for others. Thorn also agreed that the murder S.G.R. participated in was very violent and callous. Thus, while Thorn's testimony was contrary to Tellez's in some respects and his recommendation ran counter to the juvenile court's determination that public safety and the prospects for S.G.R.'s rehabilitation weighed in favor of transfer, Thorn's overall testimony was not incompatible with the court's findings.

The juvenile court found that transfer was warranted because the juvenile justice system could not adequately protect the public from S.G.R. or rehabilitate him. There is more than a scintilla of proof supporting its findings concerning public

14

safety and rehabilitation, and the great weight and preponderance of the evidence is not to the contrary. The evidence therefore is legally and factually sufficient to support the juvenile court's finding that Section 54.02(f)(4) weighed in favor of the waiver of its jurisdiction.

**2. The juvenile court's decision to waive its jurisdiction represents a reasonably principled application of the Section 54.02(f) factors.**

The juvenile court addressed each of the factors enumerated in Section 54.02(f) and stated specific reasons and findings in support of its decision to waive its jurisdiction and transfer S.G.R. for trial as an adult. Its findings are supported by legally and factually sufficient evidence. The Court of Criminal Appeals has advised that "the juvenile court that shows its work" in this fashion "should rarely be reversed." *Moon*, 451 S.W.3d at 49. This is because the juvenile court's discretion is "at its apex when it makes this largely normative judgment" as to whether a child eligible to be tried as an adult should be transferred to the criminal court. *Id.* at 46. Given the juvenile court's broad discretion and the evidence, we hold that this is not the rare case in which reversal is warranted in spite of the juvenile court's adherence to the statutory criteria. The murder in which S.G.R. participated was savage. He and the other perpetrators inflicted dozens of wounds on the 14-year-old victim with a machete because the victim refused to join their criminal street gang. The brutal and malevolent nature of the crime alone would suffice to uphold a waiver of jurisdiction in this case. *See Moon*, 451 S.W.3d at 48 (proof establishing that

15

specifics of crime committed is "of a sufficiently egregious character, will justify the juvenile court's waiver of jurisdiction regardless of what the evidence may show with respect to the child's background and other Section 54.02(f) factors"). Given the nature of the crime and the other circumstances invoked by the juvenile court in support of the waiver of its jurisdiction, its decision to do so was not arbitrary or unprincipled.

We overrule S.G.R.'s second issue.

## Conclusion

We affirm the juvenile court's order waiving its jurisdiction.


Harvey Brown
Justice

Panel consists of Justices Keyes, Brown, and Huddle.

16