**Opinion filed January 6, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00241-CV

_____

## IN THE MATTER OF L.M.B., A JUVENILE

**On Appeal from the County Court at Law**
**Midland County, Texas**
**Trial Court Cause No. 6733**

## MEMORANDUM OPINION

This is an accelerated appeal from an order in which the trial court, sitting as a juvenile court, waived its jurisdiction over L.M.B. (Appellant) and transferred the cause to a criminal district court. *See* TEX. FAM. CODE ANN. § 54.02(j) (West 2014), § 56.01(c)(1)(A), (h), (h-1) (West Supp. 2016). In a single issue on appeal, Appellant challenges the trial court's transfer order. We affirm.

Appellant specifically argues in his issue that the State failed to meet its burden under Section 54.02(j) with respect to the State's failure to proceed in a timely manner against Appellant in a juvenile court. Section 54.02(j) sets out the requirements for the discretionary transfer of a person who was a juvenile at the time

of the alleged offense but has turned eighteen prior to being adjudicated as a juvenile. With respect to the State's timeliness in proceeding against Appellant in juvenile court, the trial court specifically found "from a preponderance of the evidence that for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the eighteenth birthday" of Appellant. The trial court's finding tracked Section 54.02(j)(4)(A).

In an appeal from an order in which a juvenile court waives its jurisdiction and enters a discretionary transfer order, an appellate court applies an abuse-of-discretion standard of review to the trial court's decision to transfer. *In re S.G.R.*, 496 S.W.3d 235, 239 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (citing *Moon v. State*, 451 S.W.3d 28, 47 (Tex. Crim. App. 2014)[1]). The juvenile court's findings in support of waiver may be reviewed to determine if they are supported by sufficient evidence. *Id.*; *In re B.C.B.*, No. 05-16-00207-CV, 2016 WL 3165595, at *3 (Tex. App.—Dallas June 7, 2016, pet. denied) (mem. op.).

*Discretionary Transfer*

The transfer hearing was held on July 25, 2016; Appellant had turned eighteen in June 2016. The record from the hearing indicates that the child complainant made a delayed outcry on December 3, 2015, about six months before Appellant turned eighteen. We note that the allegations against Appellant included one count of aggravated sexual assault and two counts of indecency with a child by contact. The complainant alleged that Appellant first touched her inappropriately when she was twelve years old—about one and one-half years prior to the outcry. Appellant would have been a juvenile at the time of the alleged offenses.

---

[1]We note that *Moon* involved a discretionary transfer order entered by a juvenile court but that the appeal was not an interlocutory appeal; rather, the appeal was filed from a district court's judgment of conviction for murder. 451 S.W.3d at 33–34. The amendment to Section 56.01 that permits an interlocutory appeal of a juvenile court's transfer order took effect on September 1, 2015. *See* Act of May 12, 2015, 84th Leg., R.S., ch. 74, §§ 3–6, 2015 Tex. Gen. Laws 1065, 1065–66.

An attorney was appointed on February 3, 2016, to represent Appellant; at the time of the appointment, the trial court scheduled a hearing for March 28. On February 9, Appellant's attorney filed various pretrial motions, and the State filed a petition for discretionary transfer pursuant to Section 54.02(a). Before a juvenile court may conduct a discretionary transfer hearing, it must order and obtain a complete diagnostic study, social evaluation, and full investigation of the juvenile and his circumstances and of the circumstances of the alleged offense. *Id.* § 54.02(d). Appellant objected to submitting himself for an evaluation prior to the scheduled hearing. Appellant filed a motion for continuance because his counsel had a schedule conflict. On March 23, the trial court granted Appellant's motion for continuance and set a hearing for May 13, 2016. At the May 13 hearing, Appellant lodged various objections, but the trial court ordered that a full investigation be conducted as required by Section 54.02. The trial court subsequently scheduled the transfer hearing for July 25, 2016.

Two witnesses testified at the transfer hearing: the detective that investigated the case and the juvenile probation officer that prepared the social history. The detective's testimony related to his investigation of the case, which occurred in early December 2015 immediately after the outcry. The juvenile probation officer, Miguel Soliz, testified that he interviewed Appellant on February 25, 2016, but that he did not complete the social history until approximately July 19, 2016. He explained that his report was not completed sooner because he had to wait on the "psychological." Soliz also testified that, at the time his department requested that a petition to transfer be filed, it also requested "a psychological," diagnostic studies, and a social evaluation. Soliz was aware of the requirements of Section 54.02(d), and he acknowledged that those requirements were not completed prior to Appellant's eighteenth birthday. He explained that the delay was initially caused by Appellant's objection and that the delay was exacerbated because the individual that

conducted the diagnostic exam was out of town for almost the whole month of June. Soliz testified that "we had to come here [for the May hearing] and at that point weren't able to do it" before Appellant turned eighteen.

An exhibit that was admitted at the transfer hearing indicates that Charles Silverman, a licensed psychological associate, evaluated Appellant on May 24, 2016. Silverman's evaluation report was received by the juvenile probation department on June 27, 2016, after Appellant turned eighteen.

At the end of the transfer hearing, the trial court announced its finding that "it was not practicable to proceed in juvenile court before the 18th birthday" of Appellant. The trial court indicated that it took into account the timing of the outcry, the court's calendar, the attorneys' calendars, the motion for continuance, and "the time it takes to get an evaluation done." Based upon our review of the record in this case, we hold that the trial court's finding as to impracticality is supported by the evidence and that the trial court did not abuse its discretion when it entered the transfer order. *See B.C.B.*, 2016 WL 3165595, at *4–6. Appellant's sole issue on appeal is overruled.

*This Court's Ruling*

We affirm the order of the trial court.

JOHN M. BAILEY
JUSTICE

January 6, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4