**Opinion filed June 20, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00011-CV

_____

## IN THE MATTER OF R.S. IV, A JUVENILE

**On Appeal from the Juvenile Court**
**Taylor County, Texas**
**Trial Court Cause No. 5180-J**

## M E M O R A N D U M   O P I N I O N

This is an accelerated appeal from an order in which the juvenile court waived its jurisdiction over R.S. IV (Appellant) and transferred the cause to a criminal district court. *See* TEX. FAM. CODE ANN. § 54.02(j) (West 2014), § 56.01(c)(1)(A), (h), (h-1) (West Supp. 2018). In four issues on appeal, Appellant challenges the juvenile court's transfer order. We affirm.

The juvenile court held a hearing on December 7, 2018, to address the State's request for discretionary transfer. Appellant was nineteen years old when the State

filed its request for discretionary transfer, and he was twenty years old at the time of the hearing. The record from the hearing indicates that the child complainant made her first outcry in early 2018, around the time of her fourteenth birthday, at which time Appellant had already turned nineteen years old. Appellant allegedly committed the first-degree felony offense of aggravated sexual assault when he was fourteen to sixteen years old. *See* TEX. PENAL CODE ANN. § 22.021(a)(1), (a)(2)(B), (e) (West 2019) (aggravated sexual assault); *see also* FAM. § 54.02(j)(2)(B). The record reflects that the charges at issue had not been adjudicated at the time of the transfer hearing.

The complainant's pastor testified that, while at a youth retreat in early 2018, the complainant stated that she had been sexually assaulted. The pastor then talked to the complainant, and she told him that she had been sexually assaulted for several years by Appellant. The complainant told her pastor that she had never told anyone else about the abuse. The pastor notified Waco police.

Sergeant Jason Lundquist of the Waco Police Department testified about the child's outcry against Appellant. According to Sergeant Lundquist, the complainant indicated that Appellant, who is the complainant's cousin, had sexually assaulted her multiple times during a period of approximately three years, beginning when she was six or seven years old and Appellant was eleven or twelve years old. The allegations were that Appellant had touched the complainant's vagina and had also penetrated her vagina with his penis. The complainant indicated that the abuse stopped when she was "around" ten years old.

Shawn Hicks, assistant chief of the Tye Police Department, testified that, when this case was referred to Tye, he reviewed the information that came from the Waco Police Department. According to Officer Hicks, the sexual assaults allegedly

began when the complainant was about six years old and ended when she was about ten years old, at which time Appellant would have been approximately sixteen years old. Appellant was born in November 1998, and the complainant was born in early 2004. Thus, Appellant is more than five years older than the complainant. At the time of the alleged abuse, Appellant and his mother lived at the Tye address given by the complainant. Officer Hicks, whose children were friends with Appellant and Appellant's sister, had seen the complainant at that address in the past.

Appellant presented one witness. That witness was a friend of Appellant's who testified that Appellant had moved to Merkel when he was twelve years old.

Appellant specifically argues in his first issue that the evidence was legally and factually insufficient to prove by a preponderance of the evidence that he was fourteen years of age or older at the time of the alleged offense. In his second issue, Appellant challenges the legal and factual sufficiency of the evidence with respect to a finding under Section 54.02(f)(4), regarding the prospects of rehabilitation and protection of the public. In his third issue, Appellant asserts that the evidence is legally and factually insufficient to prove by a preponderance of the evidence that he committed the alleged offense. In his fourth issue, Appellant argues that the juvenile court abused its discretion by certifying Appellant as an adult and waiving its exclusive jurisdiction in this matter.

In an appeal from an order in which a juvenile court waives its jurisdiction and enters a discretionary transfer order, an appellate court applies an abuse-of-discretion standard of review to the juvenile court's decision to transfer. *In re S.G.R.*, 496 S.W.3d 235, 239 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (citing *Moon v. State*, 451 S.W.3d 28, 47 (Tex. Crim. App. 2014)). The juvenile court's findings may be reviewed under the traditional civil standards for sufficiency of the evidence.

*Moon*, 451 S.W.3d at 47; *S.G.R.*, 496 S.W.3d at 239. To review the legal sufficiency of the evidence in support of a finding, we review the record—crediting evidence favorable to the finding and disregarding contrary evidence unless a reasonable factfinder could not reject the evidence. *In re J.G.*, 495 S.W.3d 354, 370 (Tex. App.—Houston [1st Dist.] 2016, pet. denied); *see City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). To review the factual sufficiency of the evidence in support of a finding, we consider and weigh all the evidence in a neutral light and will set aside the finding only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *See Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986); *J.G.*, 495 S.W.3d at 370.

Here, the State moved for transfer pursuant to Section 54.02(j). Section 54.02(j) sets out the requirements for the discretionary transfer of a person who was a juvenile at the time of the alleged offense but has turned eighteen prior to being adjudicated as a juvenile. Section 54.02(j) provides in relevant part that a juvenile court may waive its jurisdiction and transfer a person to a district court for criminal proceedings if:

> (1) the person is 18 years of age or older;
>
> (2) the person was:
>
> . . . .
>
> (B) 14 years of age or older and under 17 years of age at the time the person is alleged to have committed an aggravated controlled substance felony or a felony of the first degree other than an offense under Section 19.02, Penal Code;
>
> . . . .

(3) no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted;

(4) the juvenile court finds from a preponderance of the evidence that:

(A) for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person; or

(B) after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because:

(i) the state did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of the person;

. . . . and

(5) the juvenile court determines that there is probable cause to believe that the [person] before the court committed the offense alleged.

FAM. § 54.02(j).

The juvenile court made the requisite findings under Section 54.02(j). It also made some findings that track other portions of Section 54.02 that do not apply if the accused person has already turned eighteen. *See id.* § 54.02(a), (f). We note that, although a diagnostic study was performed prior to the hearing, a diagnostic study was not necessary because Appellant was over the age of eighteen. *See id.* § 54.02(j), (*l*).

In this regard, Section 54.02 establishes two procedures for the discretionary transfer of juvenile proceedings to district court and one procedure for mandatory transfer. *Id.* § 54.02(a), (j), (m). Subsection (m) relates to mandatory transfer and is not applicable to this case. Section 54.02(a) relates to the discretionary transfer

of an accused who is less than eighteen years of age at the time of the transfer hearing. Section 54.02(j) applies where the accused is eighteen years of age or older at the time of the transfer hearing. The factors listed in Section 54.02(f) are applicable to a discretionary transfer under Section 54.02(a), not to a discretionary transfer under Section 54.02(j). *In re D.L.C.*, No. 06-16-00058-CV, 2017 WL 1055680, at *4 (Tex. App.—Texarkana Mar. 21, 2017, no pet.); *see also Moore v. State*, 532 S.W.3d 400, 405 (Tex. Crim. App. 2017); *In re H.Y.*, 512 S.W.3d 467, 476–77, 480 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Because Appellant's second issue relates to a finding made pursuant to Section 54.02(f), we need not address that issue as that finding is not necessary or relevant to a transfer under Section 54.02(j).

With respect to Appellant's first issue, the record contains legally and factually sufficient evidence from which the juvenile court could reasonably have concluded that Appellant was fourteen years of age or older, but under the age of seventeen, during the time that some of the alleged aggravated sexual assaults occurred. *See* FAM. § 54.02(j)(2)(B). With respect to Appellant's third issue, the record contains legally and factually sufficient evidence from which the juvenile court could reasonably have concluded that probable cause exists to believe that Appellant committed the alleged offense. *See id.* § 54.02(j)(5). Furthermore, with respect to the other requirements of Section 54.02(j), Appellant was shown to be over the age of eighteen at the time of the hearing, *see id.* § 54.02(j)(1); there had been no adjudication regarding the alleged offense, *see id.* § 54.02(j)(3); and the evidence showed that, because of the complainant's delayed outcry, it was not practicable to proceed in the juvenile court prior to Appellant's eighteenth birthday, *see id.* § 54.02(j)(4).

Based upon our review of the record in this appeal, we hold that the juvenile court's findings under Section 54.02(j) are supported by the evidence presented at the transfer hearing and that the juvenile court did not abuse its discretion when it entered the transfer order. Appellant's first, third, and fourth issues on appeal are overruled.

We affirm the order of the juvenile court.


JIM R. WRIGHT
SENIOR CHIEF JUSTICE


June 20, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.