**Affirm and Opinion Filed March 18, 2024**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-01171-CV

## IN THE MATTER OF D.C., A JUVENILE

**On Appeal from the County Court
Kaufman County, Texas
Trial Court Cause No. 23J-096**

## MEMORANDUM OPINION

Before Justices Nowell, Miskel, and Kennedy
Opinion by Justice Nowell

The State charged D.C., a juvenile, with murder and filed a petition to transfer his case from the county court, sitting as the juvenile court, to a criminal district court. Following an evidentiary hearing, the county court made statutorily required findings, waived its jurisdiction, and ordered the transfer. In a single issue, D.C. argues the county court improperly relinquished its jurisdiction and transferred the case because there is no probable cause to believe he committed the alleged offense. We affirm the county court's order.

Because children 10 years of age or older and under 17 years of age are not subject to prosecution in adult court for criminal offenses, the juvenile court has

exclusive original jurisdiction over specified cases. *See* TEX. FAM. CODE. ANN. §§ 51.02(2), 51.03(a)(1), 51.04(a). But if a juvenile court determines after a full investigation and hearing that certain conditions are met, it may waive jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings. *See id.* § 54.02(a), (c); *In re J.R.*, No. 05-20-00920-CV, 2021 WL 777090, at *6 (Tex. App.—Dallas Mar. 1, 2021, pet. denied) (mem. op.) (citing *In re S.G.R.*, 496 S.W.3d 235, 238 (Tex. App.—Houston [1st Dist.] 2016, no pet.)). To waive jurisdiction and transfer a child to the criminal district court, the juvenile court has to find (1) the child was alleged to have committed a felony offense; (2) the child was 14 years of age or older at the time of the offense if the offense is a first-degree felony, and no adjudication hearing had been held; and (3) after full investigation and hearing, there is probable cause to believe the child committed the alleged offense, and because of the seriousness of the offense or the background of the child, the welfare of the community requires criminal proceedings rather than juvenile proceedings. *See* TEX. FAM. CODE. ANN. § 54.02(a); *see also In re Z.T.*, No. 05-21-00138-CV, 2021 WL 3645103, at *8 (Tex. App.—Dallas Aug. 17, 2021, pet. denied) (mem. op.).

When making the determinations required by section 54.02(a), the juvenile court is required to consider, among other matters: (1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person; (2) the sophistication and maturity of the juvenile; (3)

the record and the juvenile's previous history; and (4) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the juvenile by use of procedures, services, and facilities currently available to the juvenile court. *See* TEX. FAM. CODE. ANN. § 54.02(f); *see also In re Z.T.*, 2021 WL 3645103, at *8. These are nonexclusive factors that serve to facilitate the juvenile court's balancing of "the potential danger to the public" posed by the juvenile offender with his "amenability to treatment." *Moon v. State*, 451 S.W.3d 28, 38 (Tex. Crim. App. 2014) (quoting *Hidalgo v. State*, 983 S.W.2d 746, 754 (Tex. Crim. App. 1999)); *see also In re J.R.*, 2021 WL 777090, at *6. Section 54.02(h) of the family code requires that when the juvenile court waives jurisdiction, "it shall state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court. . . ." TEX. FAM. CODE. ANN. § 54.02(h); *Moon*, 451 S.W.3d at 49; *In re J.R.*, 2021 WL 777090, at *6.

Although the order must show the juvenile court considered the four factors set forth in section 54.02(f), the court "need make no particular findings of fact with respect to those factors." *In re J.R.*, 2021 WL 777090, at *6 (citing *Moon*, 451 S.W.3d at 41–42; *In re L.W.*, No. 05-19-00966-CV, 2020 WL 728431, at *8 (Tex. App.—Dallas Feb. 13, 2020, no pet.) (mem. op.); *In re D.L.C.*, No. 06-16-00058-CV, 2017 WL 1055680, at *6 (Tex. App.—Texarkana Mar. 21, 2017, no pet.) (mem. op.)). Moreover, the court may order a transfer on the strength of any combination of the criteria listed in section 54.02(f). *Id.* (citing *Hidalgo*, 983 S.W.2d at 754 n.16;

*In re K.M.D.*, 05-17-01284-CV, 2018 WL 3238142, at \*2–3 (Tex. App.—Dallas July 3, 2018, no pet.) (mem. op.)). At the transfer hearing, the State bears the burden of proving, by a preponderance of the evidence, that waiver of the juvenile court's jurisdiction is appropriate. *Id.* (citing *Moon*, 451 S.W.3d at 40–41).

When evaluating a juvenile court's decision to waive jurisdiction, we first review the juvenile court's specific findings of fact regarding the section 54.02(f) factors under "traditional sufficiency of the evidence review." *Id.* (citing *Moon*, 451 S.W.3d at 47). Second, we review the juvenile court's ultimate waiver decision for an abuse of discretion. *Id.* (citing *S.G.R.*, 496 S.W.3d at 239). A juvenile court abuses its discretion when its decision to transfer is essentially arbitrary, given the evidence upon which it was based. *Id.* (citing *Moon*, 451 S.W.3d at 47). "As with any decision that lies within the discretion of the trial court, the salient question is not whether we might have decided the issue differently." *Id.* (citing *S.G.R.*, 496 S.W.3d at 239). "Instead, we consider whether the juvenile court's decision represents a reasonably principled application of the Section 54.02(f) factors or was essentially arbitrary or made without reference to the statutory criteria for waiver." *Id.* (citing *S.G.R.*, 496 S.W.3d at 239). We must keep in mind that not every section 54.02(f) factor must weigh in favor of transfer to justify the juvenile court's discretionary decision to waive its jurisdiction. *Id.* (citing *Moon*, 451 S.W.3d at 47).

As long as the juvenile court correctly applies these statutory criteria and complies with the requirement to specifically state its supporting findings, its waiver

–4–

decision generally will be upheld. *See id.* at *7 (citing *Moon*, 451 S.W.3d at 49). "[A] juvenile court that shows its work should rarely be reversed." *Id.* (quoting *Moon*, 451 S.W.3d at 49).

The county court's order includes the sections 54.02(a) and 54.02(f) findings. D.C. only challenges the county court's probable cause finding on appeal. As is relevant here, the county court's order states: "After this Court conducted a full investigation and hearing on this case, the Court further finds that there is probable cause to believe that the child before the court committed the offense alleged." D.C.'s brief states the evidence proves he could not have committed the offense, and he may have acted in self defense.

Doc Ballard of the Terrell Police Department was the lead investigator on the case. Ballard testified that some students at Terrell High School had "ongoing issues" before the shooting. "There were reports that some of them had guns, they had made different threats on social media." The reports indicated that juveniles, including the victim, were walking with guns in front of D.C.'s family's house one or two days before the shooting. A few days before the shooting, the police received a call about an encounter between D.C. and the victim; Ballard testified: "Reports were made by patrol officers on that, and it involved both parties involved."

On the day of the alleged murder, patrol officers responded to a call about an unresponsive person, and they found a gunshot victim. Ballard obtained search warrants for phones and social media accounts as well as surveillance video from

Terrell High School, a school bus, and two residences near the site of the shooting. The videos show D.C. and the victim having a physical altercation and then D.C. running from the scene with the gun. Ballard testified "[y]ou can see that there was an altercation there in that area. . . . Looks like a physical altercation, a struggle, and then you can see [D.C.] leaving the scene, running from the scene." The video does not show the shooting.

After the shooting, the police conducted a series of interviews with D.C.'s family members. Ballard testified: "several different family members stated [D.C.] was, in fact, the person that committed the offense."

D.C.'s mother, Stephanie Hodges, testified she was concerned about D.C.'s safety before the shooting. She contacted the juvenile probation office to discuss her concerns; she asked the juvenile probation office whether D.C. could be sent to a detention center for his protection and to protect others because "all of the stuff that I was hearing that was going around going on with the - - my son and the other child." She had also heard "[t]hat my son was going to be killed," and she was aware of threats made against D.C. on social media; Hodges testified: "I seen [sic] a social media post saying that they will see my son in a casket." She believed D.C. feared for his own safety, and she withdrew D.C. from school before the murder occurred "for his protection."

The evidence shows that in the days before the shooting, D.C. had conflict with students at Terrell High School, including the victim. Surveillance video shows

D.C. ran from the scene with a gun following a physical altercation with the victim. After the incident, several of D.C.'s family members told the police that D.C. committed the offense. Considering the evidence in the record, we conclude the county court did not abuse its discretion by finding sufficient probable cause that D.C. committed the offense. We overrule D.C.'s sole issue.

We affirm the county court's November 6, 2023 Waiver of Jurisdiction and Order of Discretionary Transfer of Child to Criminal Court.


231171f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE MATTER OF D.C., A
JUVENILE

No. 05-23-01171-CV

On Appeal from the County Court,
Kaufman County, Texas
Trial Court Cause No. 23J-096.
Opinion delivered by Justice Nowell.
Justices Miskel and Kennedy
participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the county court's November 6, 2023 Waiver of Jurisdiction and Order of Discretionary Transfer of Child to Criminal Court

Judgment entered this 18th day of March, 2024.