**Antonnyer Derrel MORRISON II, Appellant**

**v.**

**The STATE of Texas, Appellee**

**NO. 14–15–00773–CR**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed November 10, 2016.

not consider this issue. *See* Tex. R. App. P. 38.1(i).

Patricia Sedita, Sugarland, TX, for Appellant.

Gail Kikawa McConnell, Richmond, TX, for State.

Panel consists of Justices Jamison, McCally, and Wise.

## OPINION

Martha Hill Jamison, Justice

Appellant Antonnyer Derrel Morrison II challenges his murder conviction in criminal district court on the basis that the district court did not have jurisdiction to hear his case because he was sixteen years old at the time of the offense and the juvenile court's jurisdiction was not properly waived. Concluding that the juvenile court did not make requisite statutory findings to waive its jurisdiction and transfer the case to district court, we vacate the district court's judgment and remand the case to the juvenile court for proceedings consistent with this opinion.[1]

The State charged appellant and filed a petition for a discretionary transfer of the case from juvenile court to criminal district court before appellant turned eighteen years old; however, the juvenile court heard the petition and transferred the case after appellant had reached his eighteenth birthday. The jury in district court returned a guilty verdict and assessed punishment at 45 years' confinement.

### Discussion

Appellant contends that the juvenile court did not make the requisite statutory findings to waive its jurisdiction and transfer the case to district court and thus jurisdiction never vested in the district court. The State contends that appellant waived his complaint by failing to object at the transfer hearing.

A juvenile court has exclusive original jurisdiction in all cases involving delinquent conduct or conduct indicating a need for supervision engaged in by a person who was a child at the time of the conduct. Tex. Fam. Code § 51.04(a). The statute defines "child" as a person aged ten to sixteen or a person aged seventeen who is alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before turning seventeen. *Id.* § 51.02(2). A juvenile court may waive its jurisdiction and transfer the child to a district court under certain circumstances. *Id.* § 54.02. However, without such a waiver and transfer, notwithstanding certain exceptions inapplicable here, "a person may not be prosecuted for or convicted of any offense committed before reaching 17 years of age." Tex. Penal Code § 8.07(b).

In a juvenile transfer proceeding, the burden is on the State to produce evidence that persuades the juvenile court, by a preponderance of the evidence, that waiver of its exclusive jurisdiction is appropriate. *Moon v. State*, 451 S.W.3d 28, 45 (Tex. Crim. App. 2014). We first review the juvenile court's factual findings for legal and factual sufficiency of the evidence, and then review the court's ultimate waiver decision for an abuse of discretion. *See id.* at 47 (applying "traditional sufficiency of the evidence review" to juvenile court's fact findings under section 54.02(f)). We must answer the following question: was

---

1. Appellant also challenges the legal insufficiency of the evidence in support of the jury's finding of guilt. Because we reverse the district court's judgment, we do not address appellant's sufficiency challenge.

the juvenile court's transfer decision arbitrary, i.e., without reference to any guiding rules or principles, given the evidence upon which it was based, or did it represent a reasonably principled application of the legislative criteria? *See id.*

In this case, we address first whether appellant preserved his jurisdictional challenge for our review. Then, we determine whether the juvenile court abused its discretion by transferring the case to district court.

### I. Did appellant preserve his jurisdictional challenge for review?

■ The State argues that appellant waived his jurisdictional challenge by failing to object to the jurisdiction of the juvenile court at the discretionary transfer hearing. Under Texas Family Code section 51.042:

(a) A child who objects to the jurisdiction of the court over the child because of the age of the child must raise the objection at the adjudication hearing or discretionary transfer hearing, if any.

(b) A child who does not object as provided by Subsection (a) waives any right to object to the jurisdiction of the court because of the age of the child at a later hearing or on appeal.

Tex. Fam. Code § 51.042. *See In re J.G.*, 495 S.W.3d 354, 364 (Tex. App.–Houston [1st Dist.] 2016, pet. filed) ("A child who objects to the jurisdiction of the juvenile court must raise the objection at the discretionary transfer hearing.").

As an initial matter, we note that section 51.042 uses the term "court" and not "juvenile court." Tex. Fam. Code § 51.042 ("A child who objects to the jurisdiction of

the court over the child ...."). "Juvenile court" is defined in the statute as "a court designated under section 51.04 of this code to exercise jurisdiction over proceedings under this title." *Id.* § 51.02(6). As discussed, juvenile courts have *exclusive* original jurisdiction over illegal conduct engaged in by a child. *Id.* § 51.04(a). The plain meaning of section 51.042 read in context indicates that the section applies to juvenile courts because only they preside over adjudication hearings and discretionary transfer hearings. *See id.* §§ 54.02(a) (regarding discretionary transfer hearings: "[t]he juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if ... after a full investigation and hearing ....."), 54.03 ("A child may be found to have engaged in delinquent conduct or conduct indicating a need for supervision only after an adjudication hearing conducted in accordance with the provisions of this section.").

Appellant does not challenge the jurisdiction of the juvenile court. He challenges the jurisdiction of the district court.[2] Accordingly, under the plain language of section 51.042, appellant was not required to object to the jurisdiction of the juvenile court under section 51.042 to preserve error on his complaint that the juvenile court's transfer of the case did not vest jurisdiction in the district court. *See id.* § 51.042.

■ The State argued during oral argument, however, that appellant was required to object under Rule of Appellate Procedure 33.1 even if section 51.042 did not apply. Appellant objected to the dis-

---

2. We note that the issue of whether the juvenile court was required to make findings under Family Code section 54.02(j), discussed in more detail below, was before the juvenile court. During the transfer hearing, appellant's counsel repeatedly asked the court to examine the issue of due diligence. State's counsel responded that she did not need to prove due diligence "because this is not a proceeding under [section] 54.02–J."

trict court's jurisdiction by filing a "Motion to Set Aside the Indictment and Dismiss for Lack of Subject Matter Jurisdiction" in the district court. In the motion, appellant complained that "subject matter jurisdiction never vested in the District Court, [so] the Indictment should be set aside and the case dismissed." This complaint tracks appellant's jurisdictional challenge on appeal. We conclude that appellant has preserved this issue for our review.[3] *See* Tex. R. App. P. 33.1(a)(1) (establishing that timely request, objection, or motion sufficiently specific to apprise the trial court of basis for request, objection, or motion generally will preserve error).

**II. Did the juvenile court abuse its discretion in transferring the case without making the statutorily mandated findings under Family Code section 54.02(j)?**

█ Appellant argues that the juvenile court abused its discretion in failing to make the statutorily mandated findings that would allow a waiver of the juvenile court's jurisdiction and transfer of appellant's case to district court after appellant's eighteenth birthday. As a result, according to appellant, the district court was never vested with jurisdiction over the case. The State does not dispute that the juvenile court was required and failed to make the requisite findings. The State posits only that appellant failed to object to the juvenile court's jurisdiction and thus

waived its objection to the transfer, an argument we have rejected.

Appellant was not yet eighteen years old when the State filed its petition to transfer. The State moved for a transfer under Family Code section 54.02(a). Section 54.02(a) sets forth the findings a trial court must make to waive its jurisdiction and transfer a child who is under the age of eighteen, including, among other things, that "there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense alleged or the background of the child the welfare of the community requires criminal proceedings." Tex. Fam. Code § 54.02(a). However, appellant was eighteen years old at the time of the transfer hearing.

The juvenile court had jurisdiction only to transfer the case or dismiss it after appellant turned eighteen.[4] *Moore v. State*, No. PD–1634–14, —— S.W.3d ——, ——, 2016 WL 6091386, at *3 (Tex. Crim. App. Oct. 19, 2016). To transfer a respondent who is eighteen years old or older, a juvenile court must find, among other things, either that "for a reason beyond the control of the state it was not practicable to proceed in juvenile court before" appellant's eighteenth birthday or "after due diligence of the state it was not practicable to proceed in juvenile court before" appel-

---

**3.** Because we conclude that appellant did not waive this issue, we need not address the State's argument that jurisdiction in this context involves personal jurisdiction that can be waived, rather than subject matter jurisdiction that cannot.

**4.** Family Code section 51.0412, which addresses jurisdiction over incomplete proceedings, was amended after the transfer hearing to include "petition[s] for waiver of jurisdiction and transfer to criminal court under Section 54.02(a)." Tex. Fam. Code § 51.0412

(added by Acts 2013, 83rd Leg., ch. 1299 (H.B. 2862), § 7, eff. Sept. 1, 2013). Under the current version of the statute, when a petition to transfer is filed before a respondent turns eighteen and the proceeding is not completed before the respondent's eighteenth birthday, the juvenile court retains jurisdiction over the transfer proceeding if it makes a finding that "the prosecuting attorney exercised due diligence in an attempt to complete the proceeding before the respondent became 18." *Id.*

lant's eighteenth birthday. *See* Tex. Fam. Code § 54.02(j)(4).[5]

The juvenile court did not make these findings. The Court of Criminal Appeals recently confirmed that a juvenile court abuses its discretion when it transfers a case involving a respondent who is over eighteen years old without a showing that the factors under section 54.02(j) have been met. *See Moore,* —— S.W.3d at ——, 2016 WL 6091386, at *3.

The State has the burden of proof on these issues under 54.02(j). *Id.* But the State affirmatively argued at the transfer hearing that section 54.02(j) did not apply and failed to present evidence to support any findings under that section. Thus, even if the juvenile court had made the requisite findings, such findings would not have been supported by legally or factually sufficient evidence. We conclude that the juvenile court abused its discretion in transferring the case to district court without making the requisite findings under section 54.02(j), thus failing to waive its jurisdiction and preventing jurisdiction from vesting in the district court. *See id.* at ——, 2016 WL 6091386 at *4.

We sustain appellant's first issue. We vacate the district court's judgment and remand the case to juvenile court for proceedings consistent with this opinion.[6]

---

5. As in section 54.02(a), the juvenile court also must find that "there is probable cause to believe that the child before the court committed the offense alleged." Tex. Fam. Code § 54.02(a)(3), (j)(5).

6. In *Moore,* the First Court of Appeals vacated the district court's judgment and dismissed the case because the State's reasons for the delay—the State's heavy caseload and mis-

takes as to the juvenile's age—were not reasons beyond the States' control. —— S.W.3d at ——, 2016 WL 6091386, at *2. Here, because the State did not present evidence of its reasons for delay, appellant seeks only a reversal and remand for the State to attempt to meet its burden under section 54.02(j). *See In re M.A.V.,* 954 S.W.2d 117, 119 (Tex. App.–San Antonio 1997, pet. denied).