

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00168-CV

**IN THE MATTER OF J.E.R.-P.**

From the County Court at Law No. 1, Webb County, Texas
Trial Court No. 2021JV1000086L1
Honorable Hugo Martinez, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: March 15, 2023

VACATED AND DISMISSED

This is an accelerated appeal under section 56.01(h–1) of the Texas Family Code.[1] Appellant J.E.R.-P. appeals the juvenile court's order denying his plea to the jurisdiction and granting the State's petition to transfer his case to the criminal district court. *See* TEX. FAM. CODE ANN. § 56.01(h–1). We vacate the juvenile court's order granting the State's petition to transfer J.E.R.-P.'s case to the criminal district court and dismiss trial court cause No. 2021JV1000086L1, pending in County Court at Law No. 1, Webb County, Texas.

---

[1] Section 56.01(h–1) of the Texas Family Code provides for accelerated appellate review of an order waiving jurisdiction under section 54.02 of the Texas Family Code and transferring a child to a criminal district court for prosecution. TEX. FAM. CODE ANN. § 56.01(h–1); *see also id.* § 54.02.

## BACKGROUND

J.E.R.-P. is charged with committing an offense under section 19.02 of the Penal Code on December 1, 2018, when he was sixteen years old. *See* TEX. PENAL CODE ANN. § 19.02. J.E.R.-P. was born February 24, 2002. Shortly after the alleged offense, the State initiated proceedings against J.E.R.-P.; however, the case was not adjudicated prior to J.E.R.-P.'s eighteenth birthday, February 24, 2020.

Following J.E.R.-P.'s nineteenth birthday, the State filed a petition on October 26, 2021, seeking the juvenile court's waiver of its exclusive, original jurisdiction and transfer of J.E.R.-P. to a district court to be tried as an adult (the "transfer petition"). *See* TEX. FAM. CODE ANN. § 54.02. J.E.R.-P. filed a plea to the jurisdiction arguing the juvenile court lacked jurisdiction to consider the State's transfer petition because it failed to file the petition before he turned eighteen. In turn, the State, relying on sections 51.0412 and 54.02(j) of the Texas Family Code, argued the juvenile court retained jurisdiction over the juvenile after his eighteenth birthday. *See id.* §§ 51.0412, 54.02(j). The juvenile court denied J.E.R.-P.'s plea to the jurisdiction.

On March 10, 2022, despite J.E.R.-P.'s continued jurisdictional challenges, the juvenile court granted the State's transfer petition and signed the transfer order.

J.E.R.-P. appeals the juvenile court's order denying his plea to the jurisdiction and granting the State's transfer petition.

J.E.R.-P. raises two issues on appeal. In both issues, J.E.R.-P. argues the juvenile court lacked jurisdiction to hear the State's transfer petition asserting (1) the State failed to file its transfer petition prior to J.E.R.-P.'s eighteenth birthday; and (2) the juvenile court lacked jurisdiction to order the transfer because section 51.0412 of the Texas Family Code does not apply. *See* TEX. FAM. CODE ANN. § 51.0412.

The State maintains the juvenile court had jurisdiction to hear and grant the State's transfer petition pursuant to sections 51.0412 and 54.02(j) of the Texas Family Code. *See id.* §§ 51.0412, 54.02(j).

## JUVENILE COURT JURISDICTION

*A. Applicable Law*

The Juvenile Justice Code ("the Code") governs delinquency proceedings. *See* TEX. FAM. CODE ANN. §§ 51.01–61.107. When a child engages in behavior that would be considered criminal if committed by an adult, the child's behavior is called "delinquent conduct." *Id.* § 51.03(a)(1). Juvenile courts have exclusive, original jurisdiction over cases involving children ten years old or older and under seventeen years of age who have allegedly engaged in delinquent conduct. *Id.* §§ 51.02(2)(A), 51.04(a). The Code further defines a "child" as a person seventeen years of age or older and under eighteen years of age who allegedly engaged in or was found to have engaged in delinquent conduct resulting from acts committed before the juvenile's seventeenth birthday. *Id.* § 51.02(2)(B).

A juvenile court does not lose jurisdiction when a juvenile turns eighteen, but its jurisdiction becomes limited, and the juvenile court can either transfer the case to an appropriate court or dismiss the case. *See In re B.R.H.*, 426 S.W.3d 163, 166 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (citing *In re N.J.A.*, 997 S.W.2d 554, 556 (Tex. 1999)); *see also Moore v. State*, 532 S.W.3d 400, 404 (Tex. Crim. App. 2017). Specifically,

> if certain proceedings[2] are pending when the juvenile turns eighteen, including transfer to criminal [district] court under [s]ection 54.02(a), then the juvenile court can retain jurisdiction if (1) the petition was filed before the juvenile turned eighteen, (2) the proceeding was incomplete when the juvenile turned eighteen, and

---

[2] The other proceedings referred to in section 51.0412—adjudication proceeding, disposition proceeding, a proceeding to modify disposition, and a motion for transfer of determinate sentence probation to an appropriate district court—do not apply in this case. *See* TEX. FAM. CODE ANN. § 51.0412.

(3) the [juvenile] court finds that the State exercised due diligence to complete proceedings before the juvenile turned eighteen.

*In re J.C.W.G.*, 613 S.W.3d 560, 566 (Tex. App.—San Antonio 2020, no pet.); *see* TEX. FAM. CODE ANN. §§ 51.0412, 54.02(a).

Thus, section 51.0412 provides an exception extending the juvenile court's jurisdiction when the State begins transfer proceedings before the juvenile turns eighteen but fails to complete the transfer proceedings before the juvenile's eighteenth birthday. *See* TEX. FAM. CODE ANN. § 51.0412; *see also Morrison v. State*, 503 S.W.3d 724, 727–28 & n.4 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (noting, under section 51.0412, "when a *petition to transfer is filed before a respondent turns eighteen* and the proceeding is not completed before the respondent's eighteenth birthday" a juvenile court retains jurisdiction over the transfer proceeding based on whether the juvenile court makes a finding "'the prosecuting attorney exercised due diligence in an attempt to complete the proceeding before the respondent became [eighteen]'" (emphasis added) (quoting TEX. FAM. CODE ANN. § 51.0412(3))).

Moreover, the Court of Criminal Appeals clarified by explaining Texas Family Code section 51.04(a) and Texas Government Code section 23.001 "relate to a juvenile court's jurisdiction and [Texas Family Code section 54.02(j)] provides a juvenile court with limited authority to waive its jurisdiction and transfer a person who is [eighteen] years of age or older to a district court if certain criteria are met." *Moore*, 532 S.W.3d at 404; *see also* TEX. FAM. CODE ANN. §§ 51.04(a), 54.02(j); TEX. GOV'T CODE ANN. § 23.001.[3]

---

[3] "Each district court, county court, and statutory county court exercising any of the constitutional jurisdiction of either a county court or a district court has jurisdiction over juvenile matters and may be designated a juvenile court." TEX. GOV'T CODE ANN. § 23.001.

## B. Standard of Review

"We review a trial court's interpretation of the law de novo." *J.C.W.G.*, 613 S.W.3d at 568. A trial court has no discretion in determining what the law is or properly applying the law. *In re Tex. Dep't of Family Protective Servs.*, 210 S.W.3d 609, 612 (Tex. 2006). A court abuses its discretion if it fails to properly interpret the law or applies the law incorrectly. *Id.*

## C. Analysis

J.E.R.-P. argues that because the State failed to file its transfer petition prior to his eighteenth birthday, the juvenile court lacked jurisdiction to consider the State's transfer petition, and section 51.0412 does not apply. *See* TEX. FAM. CODE ANN. § 51.0412. The State, on the other hand, contends section 51.0412 allowed the juvenile court to retain jurisdiction and, the juvenile court had jurisdiction to hear and grant the State's transfer petition because it met the criteria set forth in section 54.02(j). We agree with J.E.R.-P.

Section 54.02(j) does not confer jurisdiction on the juvenile court. Rather, under section 54.02(j) [4] if certain criteria are met, a juvenile court may waive its exclusive, original jurisdiction

---

[4] Section 54.02(j) allows a juvenile court to waive its exclusive, original jurisdiction and transfer a person to the appropriate district court or criminal district court for criminal proceedings if:

  (1)  the person is 18 years of age or older;

  (2)  the person was:

      (A)  10 years of age or older and under 17 years of age at the time the person is alleged to have committed a capital felony or an offense under Section 19.02, Penal Code;

      (B)  14 years of age or older and under 17 years of age at the time the person is alleged to have committed an aggravated controlled substance felony or a felony of the first degree other than an offense under Section 19.02, Penal Code; or

      (C)  15 years of age or older and under 17 years of age at the time the person is alleged to have committed a felony of the second or third degree or a state jail felony;

  (3)  no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted;

  (4)  the juvenile court finds from a preponderance of the evidence that:

retained under section 51.0412. *See* TEX. FAM. CODE ANN. §§ 51.0412, 54.02(j); *see also Moore*, 532 S.W.3d at 404; *Morrison*, 503 S.W.3d at 727–28 & n.4. For a juvenile court to retain exclusive, original jurisdiction, section 51.0142 requires the State file the transfer petition prior to the juvenile's eighteenth birthday, the transfer proceedings remain incomplete prior to the juvenile's eighteenth birthday, and the juvenile court find the prosecuting attorney exercised due diligence in attempting to complete the proceedings before the juvenile turned eighteen. *See* TEX. FAM. CODE ANN. § 51.0412.

Subsections 54.02(a) and (j), depending on the respondent's age, dictate how the transfer hearing is conducted and findings that the juvenile court must make to support an order waiving its jurisdiction and transferring a case to a criminal district court. *See* TEX. FAM. CODE ANN. §§ 54.02(a),[5] (j). Section 51.0412 allows the juvenile court to retain its jurisdiction to hear the transfer proceedings only when the transfer petition is filed prior to the juvenile's eighteenth birthday. *See id.* § 51.0412.

---

(A) for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person; or

(B) after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because:

    (i)      the state did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of the person;

    (ii)      the person could not be found; or

    (iii)      a previous transfer order was reversed by an appellate court or set aside by a district court; and

(5) the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged.

TEX. FAM. CODE ANN. § 54.02(j).

[5] Unlike section 54.02(j), section 54.02(a) sets forth the criteria the State must prove when requesting the juvenile court waive its exclusive, original jurisdiction and transfer the case to a criminal district court prior to the juvenile's eighteenth birthday. *Compare* TEX. FAM. CODE ANN. § 54.02(a), *with* TEX. FAM. CODE ANN. § 54.02(j).

Because the State failed to file the transfer petition before J.E.R.-P.'s eighteenth birthday, the juvenile court did not retain jurisdiction under section 51.0412 to decide the State's transfer petition. *See id.*; *see also Moore*, 532 S.W.3d at 404; *Morrison*, 503 S.W.3d at 727–28 & n.4. Thus, we conclude the juvenile court lacked jurisdiction to grant the transfer petition. Without a petition to transfer filed before J.E.R.-P.'s eighteenth birthday, the juvenile court's jurisdiction was limited to dismissing the case. *See Moore*, 532 S.W.3d 400, 404–05 (discussing *In re N.J.A.*, 997 S.W.2d 554, 556–57 (Tex. 1999), which held that, if the person is over the age of eighteen and conditions allowing for a transfer to district court have not been satisfied, the juvenile court's only option is to dismiss the case[6]).

The juvenile court erred in denying J.E.R.-P's plea to the jurisdiction. We sustain J.E.R.-P.'s first issue and the subparts of his second issue pertaining to J.E.R-P. arguing the juvenile court lacked jurisdiction to decide the State's transfer petition.[7]

## CONCLUSION

The juvenile court's order transferring J.E.R.-P.'s juvenile proceeding to district court is vacated and we dismiss trial court cause No. 2021JV1000086L1, pending in County Court at Law No. 1, Webb County, Texas.

Irene Rios, Justice

---

[6] We note that, after the Texas Supreme Court issued its opinion in *N.J.A.*, the legislature enacted section 51.0412 as an exception permitting a juvenile court to retain jurisdiction over transfer proceedings after the respondent has turned eighteen, but only when the petition or motion to transfer is filed before the respondent turned eighteen years old. *See* TEX. FAM. CODE ANN. § 51.0412. We have already determined the exception found in section 51.0412 does not apply because the State filed the transfer petition after J.E.R.-P.'s eighteenth birthday.

[7] We need not address J.E.R.-P.'s issues challenging the evidence supporting the juvenile court's grant of the transfer petition, as their resolution would afford him no greater relief. *See* TEX. R. APP. P. 47.1.