**Aaron Jacob MOORE, Appellant**

**v.**

**The STATE of Texas**

**NO. PD–1634–14**

Court of Criminal Appeals of Texas.

Delivered: February 8, 2017

Carmen Roe, Houston, TX, for Aaron Jacob Moore.

Gail Kikawa McConnell, Assistant District Attorney, Richmond, TX, Stacey Soule, Austin, TX, for the State.

## OPINION

Per curiam.

We grant the State's motion for rehearing, withdraw our prior opinion entered in this case, and substitute the following opinion of the Court.

Appellant, Aaron Jacob Moore, was charged with Aggravated Sexual Assault of a Child. Although he was 16 years old at the time of the offense, charges were not filed until after his 18th birthday. Because Appellant was over 18 years of age when charges were filed, the State filed a petition for discretionary transfer from juvenile court to criminal district court under Family Code Section 54.02.[1] The juvenile court waived its jurisdiction and transferred the case. The criminal district court deferred adjudication and placed Appellant on 5 years' community supervision. Appellant appealed, claiming that the juvenile court improperly transferred the case because the State failed to show that, for reasons beyond the control of the State, it was not practicable to proceed in juvenile court before his 18th birthday as required under Family Code Section 54.02(j)(4)(A).[2] The court of appeals vacated the trial court's judgment, holding that the juvenile court lacked jurisdiction to transfer the case. *Moore v. State*, 446 S.W.3d 47 (Tex. App.–Houston [1st Dist.] 2014). The State filed a petition for discretionary review, which we granted to determine whether the court of appeals's construction of "the state" in Family Code Section 54.02(j)(4)(A) requires dismissal of a case with prejudice without consideration of the factors for oppressive delay in violation of

---

1. Unless otherwise noted, all future references to Sections refer to the Family Code.

2. Family Code Section 54.02(j)(4)(A) says that the juvenile court may waive its exclusive original jurisdiction and transfer a person to the appropriate district court or criminal district court for criminal proceedings if the juvenile court finds from a preponderance of the evidence that for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person.

the separation of powers doctrine. We will affirm the court of appeals.

## FACTS

The 12-year-old victim reported to her mother and the police that her cousin, who was 16 years old at the time, had been sexually assaulting her for several years prior to her outcry. The police investigation began soon thereafter with the investigating detective requesting reports from Child Protective Services and the hospital where the victim was examined. Because the investigating detective had a heavy caseload and had given priority to other cases, it took her almost two years to forward the case to the district attorney's office. Due to an error in one of the reports, the detective believed that Appellant was 17 years old when the case was forwarded but in reality, he had just turned 18 years old. Over a year later, the State filed a petition for discretionary transfer of the case from juvenile court to criminal district court. The juvenile court transferred the case, finding that for a reason beyond the control of the State it was not practicable to proceed in juvenile court before Appellant's 18th birthday. At age 19, Appellant appeared before the criminal district court and pleaded guilty to Aggravated Sexual Assault of a Child. He was placed on deferred-adjudication community supervision for five years.

## COURT OF APPEALS

Appellant appealed, arguing that the juvenile court improperly transferred the case to the criminal district court because the State did not show that, for a reason beyond the control of the State, it was not practicable to proceed in juvenile court before his 18th birthday. Citing *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the court of appeals determined that for purposes of Section 54.02(j)(4)(A), "the State" included both law enforcement and the prosecution. Thus, the court concluded that the reasons for the delay that were presented by the State—the detective's heavy caseload and mistake as to Appellant's age—were not reasons beyond the State's control. *Moore*, 446 S.W.3d at 51–52. The court of appeals held that the juvenile court erred in transferring the case to criminal district court because the State did not meet its burden under Family Code Section 54.02(j)(4)(A). *Moore*, 446 S.W.3d at 52. The failure to meet this burden deprived the juvenile court of jurisdiction to transfer the case and thus the criminal district court never acquired jurisdiction over the case. *Id.*

## ARGUMENTS OF THE PARTIES

The State argues that the court of appeals failed to consider whether the investigatory delay in this case was unconstitutionally oppressive. The court of appeals viewed the Sheriff's Office and the District Attorney's Office as the same entity in construing the meaning of "the State" in Family Code Section 54.02(j)(4)(A) and considered only whether the investigatory delays were beyond the State's control. The State asserts that, under this construction, even when there is justifiable investigatory delay, the State must dismiss its case despite there being no statute of limitation for the offense. The State says that the juvenile court correctly considered whether there was unconstitutional delay in the case and that the court of appeals should have done so also. The State argues that Section 54.02(j)(4)(A)'s requirement of dismissal with prejudice without first considering whether the delay was unconstitutional violates the Separation of Powers Clause of the Texas Constitution. The State says that Section 54.02(j)(4)(A) provides the defendant with the right to not be prosecuted when there was no constitu-

tional violation of his rights. Citing *Meshell v. State*, 739 S.W.2d 246 (Tex. Crim. App. 1987), the State argues that in Family Code Section 54.02(j)(4)(A), the legislature has deprived the prosecutor of his exclusive discretion in preparing for trial. The State says that, similar to the provision we considered in *Ex parte Young*, 213 S.W.3d 327 (Tex. Crim. App. 2006), Section 54.02(j)(4)(A)'s deadline (1) disrupts the prosecutor's ability to perform his duties, (2) cannot be justified as necessary to effectuate a superior constitutional interest and (3) was not contractually submitted to by the prosecutor. *Young*, 213 S.W.3d at 332. The State asks us to hold that, because Family Code Section 54.02(j)(4)(A) does not incorporate the factors for oppressive delay in dismissing a petition, it encroaches on the duties of the district and county attorneys to prosecute a criminal case, in violation of the Separation of Powers Clause. Finally, the State argues that the delay in this case was not an intentional device used to gain a tactical advantage over Appellant as would be required to show a due-process violation.

Appellant argues that the Texas Constitution allows the Legislature to establish courts and to regulate the duties of district attorneys. Appellant says that *Meshell* is distinguishable because, in the county at issue in that case, the county attorney had a constitutional duty to represent the State, whereas here, the prosecutor's authority is statutorily imposed. Thus, Appellant argues that the district attorney's duties are not entitled to the protection afforded by the Separation of Powers Clause. The Legislature established the juvenile court system and enacted Section 54.02(j)(4)(A) to prescribe the juvenile court's jurisdiction. Appellant says that, even if the district attorney may have a statutory duty to prosecute *criminal*

cases, this should not extend to a juvenile court's discretionary waiver hearing because the conduct at issue in such hearings is a civil matter. Appellant argues that, although seeking transfer from juvenile court to district court is an exercise in prosecutorial discretion in itself, any possible duty that a district attorney may have in criminally prosecuting acts committed by children would begin only after a juvenile court properly conducts a waiver proceeding. Appellant contends that Section 54.02(j)(4)(A) is contractual in nature because it allows a district attorney to criminally prosecute acts otherwise outside the jurisdiction of the criminal district courts in exchange for allowing the Legislature to place some restrictions on prosecutorial discretion in these circumstances. Finally, Appellant argues that enforcement of Section 54.02(j)(4)(A) is similar to a statute of limitations that encourages law enforcement to promptly investigate suspected delinquent conduct before a juvenile court is deprived of its jurisdiction.

## ANALYSIS

First we consider if investigative delay should factor into whether it was practicable for the state to proceed in juvenile court before Appellant's 18th birthday. Section 54.02(j)(4)(A) requires the State to show "that for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person." We ordinarily give effect to the plain meaning of the text of a statute. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). Thus, although Section 54.02(j)(4)(A) does not define "the state," we can apply the plain meaning of the term and consider its common usage. We agree with the court of appeals that the common understanding of the term "the state" includes both law enforcement

and the prosecution.[3] In the context of *Brady* violations, we have said that " 'the State' includes, in addition to the prosecutor, other lawyers and employees in his office and members of law enforcement connected to the investigation and prosecution of the case." *Pena v. State*, 353 S.W.3d 797, 810 (Tex. Crim. App. 2011). A situation more similar to the case before us is the United States Supreme Court's consideration of factors related to whether a defendant was deprived of his right to a speedy trial in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In analyzing the state's reason for the delay, the Supreme Court did not distinguish between law enforcement and the prosecution—it considered circumstances related to both the investigating sheriff, who was delayed by a lengthy illness, and the prosecutor, who delayed the case in order to secure the conviction and testimony of Barker's accomplice. *Barker*, 407 U.S. at 534–35, 92 S.Ct. 2182. We see no reason to interpret the meaning of "the state" differently in this context and we conclude that the court of appeals's construction of "the state" as referring to both law enforcement and the prosecution was proper.

We turn now to whether the court of appeals erred in failing to consider the factors for oppressive delay. In the cases cited by the State, *Meshell* and *Young*, we considered two different attempts by the Legislature to codify the Speedy Trial Act. In *Meshell*, the statute required dismissal of the case with prejudice if the State was not ready for trial within 120 days of the commencement of a criminal action. We concluded that the statute was unconstitutional and the Legislature had violated the

Separation of Powers Clause because the statute interfered with a prosecutor's ability to prepare for trial. 739 S.W.2d at 257. In *Young*, the statute required dismissal of the case with prejudice if no indictment was presented against the defendant by the next term of the court after he was committed or placed on bail. We determined that the statute violated the Separation of Powers Clause because it disrupted the prosecutor's ability to perform his duties, did not effectuate a superior constitutional interest, and was not contractually submitted to by the prosecutor. *Young*, 213 S.W.3d at 331–32. However, unlike the statutes at issue in *Meshell* and *Young*, Family Code Section 54.02(j)(4)(A) is not an inadequate attempt to codify the constitutional right to a speedy trial. While Section 54.02(j)(4)(A) requires the State to proceed against a juvenile while he is still a juvenile, or show that, for a reason beyond the control of the State it was not practicable to proceed in juvenile court before his 18th birthday, it does not impose an arbitrary deadline for prosecutorial action. Rather, Tex. Fam. Code § 51.04(a) and Tex. Gov't Code § 23.001 relate to the juvenile court's jurisdiction and Section 54.02(j)(4)(A) provides a juvenile court with limited authority to waive its jurisdiction and transfer a person who is 18 years of age or older to a district court if certain criteria are met.

The Supreme Court of Texas determined that juvenile courts maintain jurisdiction after the accused turns 18 years of age, but such jurisdiction is limited to either dismissing the case or transferring the case to district court. *In the matter of N.J.A.*, 997 S.W.2d 554, 556 (Tex. 1999).[4]

---

**3.** We note that "prosecuting attorney" is defined in the family code, so if the Legislature had intended for Section 54.02(j)(4)(A) to apply to delays only by the prosecutor, it would have used that language rather than the more general and inclusive term "the state."

**4.** The Family Code now includes an exception to the rule stated in *N.J.A.*, which applies to

The Court stated that Section 54.02(j) allows the juvenile court to waive its exclusive original jurisdiction and transfer a case to district court if the person is 18 years old or older and certain criteria are met, but if the person is over the age of 18, and Section 54.02(j)'s criteria are not satisfied, the juvenile court's only option is to dismiss the case. *N.J.A*, 997 S.W.2d at 557. The criterion at issue in this case is whether the State showed by a preponderance of the evidence that for a reason beyond the control of the State, it was not practicable to proceed in juvenile court before Appellant's 18th birthday. This is meant to limit the prosecution of an adult for an act he committed as a juvenile if his case could reasonably have been dealt with when he was still a juvenile. The State has the burden under Section 54.02(j)(4)(A) and its failure to get around to this case in time did not meet that burden. It appears that the State is now trying to add an additional threshold to the statute and shift the burden to Appellant to show that unconstitutional delay violated his due-process rights.

■ The court of appeals did not err in applying a controlling Texas statute rather than a speedy trial, statute of limitations, or due-process analysis. The arguments raised by the State are not on point because the issue here does not relate to a speedy-trial claim, a limitations defense, or a claim of unreasonable pre-indictment delay. Appellant claimed that the juvenile court improperly transferred the case to the criminal district court because the State failed to show that, for a reason beyond the State's control, it was not practicable to proceed in juvenile court before his 18th birthday. The State's failure to meet this burden left the juvenile court

incomplete proceedings. *See* TEX. FAM. CODE § 51.0412. Neither party asserts that the ex-

with no option other than to dismiss the case and the juvenile court erred by not doing so.

We conclude that Section 54.02(j)(4)(A)'s failure to require consideration of the factors for oppressive delay does not violate the Separation of Powers Clause.

### CONCLUSION

The court of appeals correctly determined that the State did not present a reason beyond its control for failing to proceed in juvenile court before Appellant's 18th birthday and thus the juvenile court erred in transferring the case. The judgment of the court of appeals is affirmed.

Keller, P.J., and Keasler and Newell, JJ., concurred.

ception applies in this case.