**Opinion filed February 21, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00278-CV

_____

## IN THE MATTER OF E.M.F., A JUVENILE

**On Appeal from the County Court at Law**
**Midland County, Texas**
**Trial Court Cause No. J07121**

## M E M O R A N D U M   O P I N I O N

This is an accelerated appeal from an order in which the county court at law, sitting as a juvenile court, waived its jurisdiction over E.M.F. (Appellant) and transferred the cause to a criminal district court. *See* TEX. FAM. CODE ANN. § 54.02(j) (West 2014), § 56.01(c)(1)(A), (h), (h-1) (West Supp. 2019). In two issues on appeal, Appellant challenges the transfer order. She asserts that the juvenile court abused its discretion (1) by finding that it was not practicable to proceed in juvenile court before Appellant's eighteenth birthday and (2) "by finding sufficient evidence Appellant committed aggravated sexual assault of a child." We affirm.

The juvenile court held a hearing on August 20, 2019, to address the State's request for discretionary transfer. Appellant was eighteen years old when the State filed its request for discretionary transfer and when the transfer hearing was conducted. Appellant allegedly committed the first-degree felony offense of aggravated sexual assault in 2015 when she was fourteen years old. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (a)(2)(B), (e) (West 2019) (aggravated sexual assault); *see also* FAM. § 54.02(j)(2)(B). The charge had not been adjudicated at the time of the transfer hearing.

On March 11, 2019, Midland police were notified of an outcry made by the child complainant. Based on that outcry, a forensic interview was scheduled for March 18, 2019. During the March 18 interview, the complainant told Katherine Shores, a forensic interviewer at the Midland Children's Advocacy Center, about being "molested" by Appellant a few years earlier when the complainant was ten years old and her cousin Appellant was fourteen years old.

According to Shores, the complainant indicated that the first instance occurred during the summer while she was at her grandmother's house. The complainant told Shores that Appellant touched the complainant's vagina. The complainant explained that she and Appellant were watching a movie while lying on a bed in the back room of her grandmother's house when Appellant's hand began "feeling around" "on and in [the complainant's] vagina" under her clothing. When asked to clarify, the complainant explained: "Like she didn't put -- obviously, there's like a hole or whatever. She didn't go inside the hole, but she went inside my vagina." The complainant estimated that such touching had occurred about ten times. She said that Appellant told her not to tell anyone.

After the interview, Detective Jose Morales of the Midland Police Department attempted to contact Appellant about the allegations. Detective Morales contacted Appellant's parents and explained to Appellant's father that he was investigating a

2

sexual assault case. Appellant's father said that he would try to "get ahold" of Appellant and "see what he could do." Four days later, Detective Morales received a fax from an attorney; the attorney indicated that he represented Appellant. Appellant "was processed at the police department" on April 3, 2019, approximately four weeks before her eighteenth birthday. The assistant district attorney indicated that the case was uploaded "to the DA's office tech-share program" on April 3 but that it "was not staffed" by the district attorney's office until May 7, 2019, a few days after Appellant turned eighteen. The State subsequently requested a setting from the juvenile court and, upon receiving a setting, filed its original petition on June 17, 2019. We note that the above-mentioned setting related to the waiver of jurisdiction and was originally scheduled for July 16, 2019.

The State moved for a transfer pursuant to Section 54.02(j). Section 54.02(j) sets out the requirements for the discretionary transfer of a person who was a juvenile at the time of the alleged offense but has turned eighteen prior to being adjudicated as a juvenile. *See In re N.J.A.*, 997 S.W.2d 554, 556–57 (Tex. 1999).[1] Section 54.02(j) provides in relevant part that a juvenile court may waive its jurisdiction and transfer a person to a district court for criminal proceedings if:

> (1) the person is 18 years of age or older;
>
> (2) the person was:
>
> > . . . .
> >
> > (B) 14 years of age or older and under 17 years of age at the time the person is alleged to have committed an aggravated controlled substance felony or a felony of the

---

[1]We note that, after the supreme court issued its opinion in *N.J.A.*, the legislature revised the Family Code to add an exception that permits a juvenile court to retain jurisdiction over incomplete proceedings after the respondent has turned eighteen if the petition or motion was filed before the respondent turned eighteen. *See* FAM. § 51.0412; *Moore v. State*, 532 S.W.3d 400, 404 n.4 (Tex. Crim. App. 2017). That exception does not apply here because the petition was not filed until after Appellant turned eighteen.

first degree other than an offense under Section 19.02, Penal Code;

. . . .

(3) no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted;

(4) the juvenile court finds from a preponderance of the evidence that:

(A) for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person;

. . . . and

(5) the juvenile court determines that there is probable cause to believe that the [person] before the court committed the offense alleged.

FAM. § 54.02(j). The juvenile court made the requisite findings under Section 54.02(j).

In an appeal from an order in which a juvenile court waives its jurisdiction and enters a discretionary transfer order, an appellate court applies an abuse-of-discretion standard of review to the juvenile court's decision to transfer. *In re S.G.R.*, 496 S.W.3d 235, 239 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (citing *Moon v. State*, 451 S.W.3d 28, 47 (Tex. Crim. App. 2014)). The juvenile court's findings may be reviewed under the traditional civil standards for sufficiency of the evidence. *Moon*, 451 S.W.3d at 47; *S.G.R.*, 496 S.W.3d at 239. To review the legal sufficiency of the evidence in support of a finding, we review the record—crediting evidence favorable to the finding and disregarding contrary evidence unless a reasonable factfinder could not reject the evidence. *In re J.G.*, 495 S.W.3d 354, 370 (Tex. App.—Houston [1st Dist.] 2016, pet. denied); *see City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). To review the factual sufficiency of the evidence in support of a finding, we consider and weigh all the evidence in a neutral light and

will set aside the finding only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *See Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986); *J.G.*, 495 S.W.3d at 370.

In her first issue, Appellant challenges the finding made by the trial court pursuant to Section 54.02(j)(4). Appellant argues that the State failed to meet its burden to show by a preponderance of the evidence that, for reasons beyond the State's control, it was impractical to proceed in juvenile court before Appellant's eighteenth birthday. Appellant cites *Moore v. State* in support of her argument. *See Moore v. State*, 532 S.W.3d 400, 403–05 (Tex. Crim. App. 2017). The Court of Criminal Appeals stated in *Moore* that Section 54.02(j)(4) "is meant to limit the prosecution of an adult for an act he committed as a juvenile if his case could reasonably have been dealt with when he was still a juvenile." *Id.* at 405. The State has the burden under Section 54.02(j)(4), and the State's "failure to get around to this case in time [does] not meet that burden." *Id.* We believe that the facts in the present case are distinguishable from those in *Moore*, where the outcry was made when the defendant was sixteen years old and the nearly two-year delay was attributable to the State. *See id.* at 402, 405.

The record from the hearing in this case indicates that the outcry was delayed; the child complainant made her first outcry approximately seven weeks before Appellant's eighteenth birthday. Based on the testimony presented at the transfer hearing, the juvenile court could have found that, for a reason beyond the control of the State—such as the complainant's delayed outcry, it was not practicable to proceed in the juvenile court prior to Appellant's eighteenth birthday. *See* FAM. § 54.02(j)(4); *In re L.M.B.*, No. 11-16-00241-CV, 2017 WL 253654, at *2 (Tex. App.—Eastland Jan. 6, 2017, no pet.) (mem. op.); *In re B.C.B.*,

No. 05-16-00207-CV, 2016 WL 3165595, at *4–6 (Tex. App.—Dallas June 7, 2016, pet. denied) (mem. op.).

In her second issue, Appellant challenges the finding made by the trial court pursuant to Section 54.02(j)(5). Appellant argues that the State failed to present evidence on which the trial court could have found that "penetration occurred," an element that is required for the offense to be a first-degree felony and subject to transfer under Section 54.02(j). *See* PENAL § 22.021(a)(1)(B)(i), (e) (providing that a person commits a first-degree felony if she intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means); FAM. § 54.02(j)(2)(B), (j)(5).

The State must only have proved that there was probable cause to believe that Appellant committed the offense of aggravated sexual assault as alleged. The evidence from the transfer hearing includes the complainant's statement that Appellant's finger "went inside" the complainant's vagina. From this evidence, the juvenile court could have determined that there was probable cause to believe that Appellant had penetrated the sexual organ of the complainant. *See Villa v. State*, 417 S.W.3d 455, 462 (Tex. Crim. App. 2013); *Vernon v. State*, 841 S.W.2d 407, 408–10 (Tex. Crim. App. 1992); *Gonzalez v. State*, No. 11-12-00027-CR, 2014 WL 97295, at *3 (Tex. App.—Eastland Jan. 9, 2014, no pet.) (mem. op., not designated for publication). We conclude that the State presented legally and factually sufficient evidence from which the juvenile court could reasonably have concluded that there was probable cause to believe that Appellant committed the alleged offense. *See* FAM. § 54.02(j)(5).

Based upon our review of the record in this appeal, we hold that the juvenile court's findings under Section 54.02(j) are supported by the evidence presented at the transfer hearing and that the juvenile court did not abuse its discretion when it

entered the transfer order. Appellant's first and second issues on appeal are overruled.

We affirm the order of the juvenile court.

JIM R. WRIGHT

SENIOR CHIEF JUSTICE

February 21, 2020

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.