

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00137-CV

IN THE MATTER OF M.L.C., A CHILD

On Appeal from the County Court at Law No. 1
Randall County, Texas
Trial Court No. 7388J, Honorable James W. Anderson, Presiding

July 31, 2023

## CONCURRING OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

I concur in the opinion and judgment of the majority but write separately to further explain my reason for doing so. It pertains to the recantation. No doubt, convictions may be based on recanted testimony. *See, e.g.*, *Hughes v. State*, No. 07-22-00298-CR, 2023 Tex. App. LEXIS 3848, at *2 (Tex. App.—Amarillo June 6, 2023, no pet. h.) (mem. op., not designated for publication) (observing that "a criminal conviction, which requires proof beyond a reasonable doubt, may rest on hearsay despite the lack of the complainant's testimony or even the complainant's recantation"); *Jackson v. State*, 110 S.W.3d 626, 631 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (same). Yet, authority assigns weight to the prosecutor's view about the need for additional evidence, such as that

corroborating the initial accusation of guilt. *See, e.g.*, *In re E.B.*, No. 12-22-00162-CV, 2022 Tex. App. LEXIS 8508, at *12–13 (Tex. App.—Tyler Nov. 17, 2022, no pet.) (mem. op., not designated for publication); *Collins v. State*, 516 S.W.3d 504, 521 (Tex. App.—Beaumont 2017, pet. ref'd).

We observe, here, the State posited that, at the time of the recantation, it was unaware of the "extreme" and "relentless" pressure the family put on the original complaining witness to recant her accusation. The record also supports the trial court's finding that, at the time of the recantation, the State did not have access to the complaining witness's counselor's records and testimony, which could have impacted the State's decision to move forward. So, while recanted accusations may be enough for the State to continue the prosecution, recantation certainly places the credibility of a youthful accuser in jeopardy. And, without indication that, at the time, other evidence corroborated her initial accusation or illustrated the reason for her recanting, a trial court could legitimately reject the proposition that the "case could reasonably have been dealt with when [appellant] was still a juvenile." *Moore v. State*, 532 S.W.3d 400, 405 (Tex. Crim. App. 2017) (op. on reh'g). Yet, I cannot but wonder whether the State having investigated a bit more and continued appellant's juvenile adjudication would have prevented a subsequent (and alleged) assault on an even younger sibling.

Brian Quinn
Chief Justice