

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00137-CV

---

### IN THE MATTER OF M.L.C., A CHILD

---

On Appeal from the County Court at Law No. 1
Randall County, Texas
Trial Court No. 7388J, Honorable James W. Anderson, Presiding

---

July 31, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

This appeal involves whether the State's evidence is sufficient to meet the statutory requisites for prosecuting an adult for offenses allegedly committed while he was a minor. Relevant here, section 54.02(j) of the Texas Family Code authorizes a juvenile court to waive its exclusive original jurisdiction and transfer an adult to a court for criminal proceedings if, among other things, the juvenile court finds from a preponderance of the evidence that, "for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person . . . ." TEX. FAM. CODE ANN. § 54.02(j)(4)(A). We hold that sufficient evidence supports the statutory requirements and affirm the waiver of jurisdiction and order of transfer.

**Background**

In the spring of 2019, Appellant, M.L.C.[1] (16 years old at the time) was charged with delinquent conduct for sexual assault and indecency with a child younger than the age of seventeen.[2] The alleged victim was Appellant's sister, K.E.C. (13 years old), who first made an outcry to school officials. K.E.C. reported to police officers that M.L.C. had been sexually assaulting her since she was age five or six. K.E.C. and M.L.C. were both removed from the family home, and K.E.C. was referred to a mental health counselor. In September 2019, K.E.C. recanted; the State terminated its investigation, and charges against M.L.C. were dismissed.

In the fall of 2021 (when M.L.C. was age 18), K.E.C. made another outcry – this time, to the mental health counselor. K.E.C. reported witnessing M.L.C. inserting his hand into their underage sister's pants and sexually assaulting the girl. This outcry led to investigation and M.L.C.'s arrest for sexual assault of the sister in October 2021.

In February 2023 (when M.L.C. was age 20), the State filed a new petition on charges against M.L.C. for the acts allegedly committed on K.E.C. in 2019, and sought to certify M.L.C. to face those charges as an adult in criminal district court.

In March, the State presented its evidence to the juvenile court in support of the court waiving its jurisdiction pursuant to section 54.02(j) of the Texas Family Code. During the hearing, K.E.C. testified she initially recanted because her best friend's father was

---

[1] To protect the privacy of children, we refer to the parties by their initials. TEX. R. APP. P. 9.8(c)(2).

[2] *See* TEX. PENAL CODE ANN. §§ 22.011(a)(2), (f) (felony of second or first degree), 21.11(a), (d) (felony of second or third degree).

2

threatening the family with physical harm if "I didn't get [M.L.C.] out." K.E.C.'s counselor testified from notes that K.E.C. consistently maintained during sessions that M.L.C. had sexually assaulted her. K.E.C. articulated recanting after suffering verbal abuse and scapegoating by her family for causing M.L.C. to be arrested. According to the counselor, once K.E.C. recanted, "CPS lessened their rules with regard to contact between her brother and her and her brother was released from the detention center and allowed back in the home."

The juvenile court granted the State's petition, issuing an order waiving its original jurisdiction and transferring M.L.C.'s case to criminal district court. M.L.C. then brought an accelerated appeal.[3]

**Standards**

Juvenile courts have exclusive jurisdiction over cases involving delinquent conduct by children. *See* TEX. FAM. CODE ANN. §§ 51.02(2)(A) (defining "child" as a "person who is . . . 10 years of age or older and under 17 years of age"); 51.03(a)(1) (defining offenses that constitute "[d]elinquent conduct").[4] Once the child turns 18, juvenile courts possess limited jurisdiction to either dismiss the case or transfer the matter to the district court. *In the matter of N.J.A.*, 997 S.W.2d 554, 556 (Tex. 1999).

---

[3] *See* TEX. FAM. CODE ANN. § 56.01(c)(1)(A); *Ex parte Thomas*, 623 S.W.3d 370, 382–83 (Tex. Crim. App. 2021).

[4] Throughout the remainder of this opinion, provisions of the Texas Family Code will be cited as "section ___" and "§ ___."

Pursuant to section 54.02(j), a juvenile court may transfer a juvenile case to a district court for criminal proceedings if, as applicable here, each of the following elements are met:

> (1) the person is 18 years of age or older; [and]
>
> (2) the person was: * * *
>
> > (C) 15 years of age or older and under 17 years of age at the time the person is alleged to have committed a felony of the second or third degree or state jail felony; [and]
>
> (3) no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted; [and]
>
> (4) the juvenile court finds from a preponderance of the evidence that:
>
> > (A) for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person; [and]
>
> (5) the juvenile court determines there is probable cause to believe the child before the court committed the offense alleged.

(bracketed material and ellipses added). This section "is meant to limit the prosecution of an adult for an act he committed as a juvenile if his case could reasonably have been dealt with when he was still a juvenile." *Moore v. State*, 532 S.W.3d 400, 401 (Tex. Crim. App. 2017). M.L.C.'s single issue on appeal is whether the State established by a preponderance of the evidence that a discretionary transfer was proper because it was not practicable for the State to proceed in juvenile court before Appellant's 18th birthday.

Because M.L.C.'s complaint on appeal is, in essence, a challenge to the sufficiency of the evidence regarding section 54.02, we begin with a review the evidence for legal

4

and factual sufficiency. *See In re C.M.M.,* 503 S.W.3d 692, 701 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (cleaned up). Under a legal sufficiency challenge, we credit evidence favorable to the challenged finding and disregard contrary evidence unless a reasonable fact finder could not reject the evidence. *Id.* If more than a scintilla of evidence supports the finding, the no-evidence challenge fails. Under a factual sufficiency challenge, we consider all the evidence presented to determine if the court's findings are against the great weight and preponderance of the evidence so as to be clearly wrong or unjust. *Id. See also Collins v. State*, 516 S.W.3d 504, 520 (Tex. App.— Beaumont 2017, pet. denied) (because Section 54.02(j)(4)(A) uses a preponderance of the evidence standard, appellate courts use a civil standard of proof to measure sufficiency of the evidence in discretionary transfer cases).

If sufficient evidence supports M.L.C.'s transfer, we then review the juvenile court's decision for abused discretion. *Moon v. State*, 451 S.W.3d 28, 47 (Tex. Crim. App. 2014), *overruled on other grounds by Ex parte Thomas*, 623 S.W.3d 370 (Tex. Crim. App. 2021). In doing so, we ask whether the juvenile's court's transfer decision was "essentially arbitrary, given the evidence upon which it was based, or [whether] it represent[ed] a reasonably principled application of the legislative criteria." *Id.* at 47.

**Analysis**

M.L.C.'s brief states the issue on appeal as follows:

> The criterion at issue in the present case is whether the State showed by a preponderance of the evidence for reasons beyond the control of the

5

State, it was not practicable to proceed in juvenile court before M.L.C.'s 18th birthday.[5]

The gist of Appellant's complaint is that proceeding in juvenile court while Appellant was still a minor was neither beyond the control of the State nor impracticable. Appellant does not argue State had any control over K.E.C.'s 2019 recantation. All admitted evidence before us indicates the State's prosecution at the time was dependent on the veracity of K.E.C.'s outcry. There is nothing in the record to suggest physical evidence or corroboration of sexual abuse. Appellant argues about what the State would have discovered if it had independently conducted an investigation and interviewed the counselor or reviewed counseling session notes. But from our review of a record devoid of such notes, we find Appellant's position to be speculative.

Appellant also notes a 2020 "outcry" as evidence of a sexual assault. We find one reference to a 2020 outcry, but it did not involve alleged sexual assault; the counselor testified it pertained to M.L.C.'s presence in K.E.C.'s room and K.E.C.'s parents discontinuing her psychotropic medication. Assuming the State's investigation into these claims would somehow reveal sexual assault upon K.E.C. is again speculative at best. *See In re D.A.D.*, No. 05-17-00294-CV, 2017 Tex. App. LEXIS 8603, *10–11 (Tex. App. Dallas—Sept. 11, 2017, pet. denied).

---

[5] *See* TEX. FAM. CODE ANN. § 54.02(j)(4)(A). M.L.C. alternatively argues that the State did not proceed in its prosecution with due diligence. *See* TEX. FAM. CODE ANN. § 54.02(j)(4)(B). Because the statute only requires evidence of (A) *or* (B), we will limit our review to the issue articulated by Appellant (i.e., whether a preponderance of evidence supports a finding that "for a reason beyond the control of the state it was not practicable to proceed in juvenile court before [Appellant's] 18th birthday").

The juvenile court heard the State's evidence addressing (1) its efforts to investigate K.E.C.'s complaints, (2) what it learned in its investigation, and (3) why it initially viewed the evidence as being too weak to obtain a conviction.  We conclude the State presented more than a scintilla to support the juvenile court's waiver of jurisdiction and order to transfer M.L.C.'s case to adult criminal court.  We likewise conclude the evidence was factually sufficient to support the juvenile court's findings.

Having determined the juvenile court's challenged findings are supported by sufficient evidence, we now review the juvenile court's waiver decision for abused discretion.  *See Moon*, 451 S.W.3d at 47.  Based on the record evidence, we conclude the juvenile court's decision to transfer Appellant to the criminal district court for prosecution as an adult was not arbitrary, but instead represented a reasonably principled application of the legislative criteria found in section 54.02(j).  Thus, we hold that the juvenile court did not abuse its discretion in waiving its exclusive jurisdiction and transferring Appellant to criminal court.[6]

---

[6] Appellant also asserts his 6th and 14th Amendment rights to due process of law and his 8th amendment right to avoid cruel and unusual punishment have been violated by the juvenile court's order. Any allegation on appeal of due process and due course of law violations as well as cruel and unusual punishment violations of M.L.C.'s constitutional rights were waived when he failed to assert them in the juvenile court.  *See Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995 (en banc) (finding due process and due course of law complaints are not preserved for review absent timely, specific objection); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (freedom from cruel and unusual punishment waived by non-preservation in the trial court).  *See Edgar v. State*, Nos. 07-18-00327-CR, 07-18-00328-CR, 07-18-00329-CR, 2020 Tex. App. LEXIS 687, at *4–5 (Tex. App.—Amarillo Jan. 24, 2020, no pet.) (due process arguments are waived if not raised in trial court); *Burrrell v. State*, No. 07-18-00351-CR, 2019 Tex. App. LEXIS 3816, at *5 (Tex. App.—Amarillo May 9, 2019, pet. denied) ("A complaint that punishment is cruel and unusual must be preserved for review).

## Conclusion

We affirm the order of the juvenile court waiving jurisdiction and transferring Appellant to criminal district court.

Lawrence M. Doss
Justice

Quinn, C.J., concurring.