# Supreme Court of Texas

No. 23-1028

In the Matter of J.J.T.,

*Respondent*

On Petition for Review from the
Court of Appeals for the First District of Texas

**Argued December 3, 2024**

JUSTICE BLAND delivered the opinion of the Court.

Under the Family Code, the juvenile courts have exclusive jurisdiction over delinquency cases brought against minors. Occasionally, however, the State does not charge a person with a felony committed as a minor until after the person has reached adulthood. In such cases, the State can ask the juvenile court to waive its jurisdiction and transfer the case to adult criminal court. To grant the transfer, the juvenile court must find that (1) the State has alleged an enumerated felony committed while the person was a minor of the requisite age; (2) probable cause exists to find that the person committed the offense; and, at issue here (3) the delay in prosecution until after age eighteen meets a statutory good cause standard. One such standard is that "for a

reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person."[1]

In this case, the State charged an adult with capital murder, alleging he was sixteen at the time he committed the offense. The juvenile court found that it was not practicable for the State to proceed before the adult turned eighteen because the State lacked probable cause to arrest him at that time. The court of appeals, however, reversed and dismissed the case, holding that because probable cause existed to arrest him before he had turned eighteen the State had failed to establish it was impracticable to proceed. A dissenting justice argued that the majority failed to adhere to the ordinary meaning of "practicable to proceed" in relying on the existence of probable cause to dismiss the case.

Largely agreeing with the dissenting justice, we reverse. Development of probable cause, standing alone, does not conclusively determine whether it is "practicable to proceed" with a juvenile prosecution before a person reaches adulthood. Other reasons beyond the control of the State may support such a finding. However, because the juvenile court's findings similarly erred in conflating "practicable to proceed" with the existence of probable cause, we remand the case to the juvenile court for a new transfer hearing.

---

[1] Tex. Fam. Code § 54.02(j)(4)(A).

# I

## A

Milford Gutierrez was shot and killed on October 4, 2020, when he attempted to sell an ounce of marijuana to would-be purchasers. Video evidence obtained shortly after the shooting showed three perpetrators fleeing the scene. Respondent J.J.T. was sixteen years and eight months old when the shooting happened, making him one year and four months shy of his eighteenth birthday.

Investigating officer Deputy David Crain discovered text messages on Gutierrez's phone setting up the marijuana deal. Crain connected those texts to Alfonso Tovar, J.J.T.'s friend and next-door neighbor. The individuals depicted in the surveillance video walked toward Tovar's residence as they left the scene of the shooting.

Investigators visited J.J.T.'s home and questioned him about whether he had any knowledge of the shooting. J.J.T. denied knowing about it at first but then stated that Tovar had revealed a marijuana deal that had ended in a shooting. J.J.T., however, denied personal involvement. Based on the text messages and a latent fingerprint linked to Tovar, Crain obtained an arrest warrant for Tovar on November 12. Tovar eventually admitted that he was present during the murder, and he implicated J.J.T. and a third person. Tovar claimed that J.J.T. had shot Gutierrez and taken the marijuana.

In connection with Tovar's arrest, Crain retrieved and submitted Tovar's password-protected cell phone for forensic decryption, using a tool that unlocks a cell phone but may take many months to a year to work. Waiting on those results, Crain ceased investigating, citing the

pandemic, his workload, and his preference to avoid reinterviewing minors before an arrest.[2]

About a year later, in December 2021, Tovar met with prosecutors and proffered evidence in connection with plea bargain negotiations. Tovar recounted details of the crime and J.J.T.'s involvement in it. He also turned over the password to his phone, which permitted investigators to examine its contents. The following month, J.J.T. turned eighteen.

In July 2022, about six months later, Crain obtained a warrant for J.J.T.'s phone records. The records, which Crain received within ten days, corroborated Tovar's story that he and J.J.T. were present at the shooting. In November, about two years after the shooting, Crain obtained a warrant for J.J.T.'s arrest.

Upon his arrest, J.J.T. again denied his involvement. Eventually, however, he admitted to being part of a plan to rob Gutierrez but claimed that it was Tovar who shot Gutierrez. Crain testified that J.J.T.'s admission of involvement with the robbery created probable cause, and the State formally charged J.J.T. with capital murder a few days later.

---

[2] Q. Do you have a practice of re-interviewing juveniles that you suspect for murder?

A. No.

Q. Why not?

A. Juveniles, with all respect to the Court, are -- they're -- there are a lot of nuances to handling juveniles. And we're very cautious in how we approach, when we can approach; when it's custodial, and when it's not. Honestly, it's not something that I'm real comfortable with. And, so, I try and avoid contacting juveniles as much as possible until we get to a point where we can get the order to apprehend and get them in.

**B**

The State moved to transfer J.J.T.'s case from the juvenile court to an adult criminal court, invoking Family Code Section 54.02(j). Under Section 54.02(j), a juvenile court may transfer a capital murder case involving a respondent over eighteen if the respondent was over the age of ten at the time of the offense.[3] Relevant here, the juvenile court must also find either (1) it was not practicable for the State to have proceeded in juvenile court for reasons beyond its control; or (2) after due diligence, it was not practicable to have proceeded before the juvenile reached age eighteen because probable cause did not exist at the time and new evidence was found, the juvenile could not be found, or an earlier transfer order was set aside:

> The juvenile court may waive its exclusive original jurisdiction and transfer a person to the appropriate district court or criminal district court for criminal proceedings if:
>
> . . .
>
> (4) the juvenile court finds from a preponderance of the evidence that:
>
>> (A) for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person; or
>>
>> (B) after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because:
>>
>>> (i) the state did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of the person;

---

[3] Tex. Fam. Code § 54.02(j)(2)(A).

> (ii) the person could not be found; or
>
> (iii) a previous transfer order was reversed by an appellate court or set aside by a district court[.][4]

Additionally, the juvenile court must find probable cause that the respondent committed the charged offense.[5]

After a hearing, the juvenile court granted the State's motion. But in a fragmented fashion, the court combined elements of the two good cause alternatives in a difficult-to-decipher manner:

> The Court finds by a preponderance of the evidence that for a reason beyond the control of the State it was not practicable to proceed in juvenile court before the 18th birthday of the Respondent [sic] the State did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of Respondent.

J.J.T. appealed.

The court of appeals vacated the order and dismissed the case for want of jurisdiction.[6] It noted that the juvenile court apparently had spliced the beginning of subsection (A) to the end of subsection (B). Without a "due diligence" finding, as subsection (B) requires, the court of appeals could uphold the transfer only if the State met subsection (A)'s requirement that it was "not practicable to proceed for a reason beyond the control of the state."[7] The court of appeals concluded

---

[4] *Id.* § 54.02(j).

[5] *Id.* § 54.02(j)(5).

[6] 698 S.W.3d 320, 332 (Tex. App.—Houston [1st Dist.] 2023).

[7] *Id.* at 330 (quoting Tex. Fam. Code § 54.02(j)(4)(A)).

that no evidence supported the transfer order on this basis.[8] It determined that Tovar's statement as an accomplice witness implicated J.J.T. and was corroborated with evidence sufficient to establish probable cause to arrest J.J.T. before he turned eighteen. Crain's desire for more evidence and stated reluctance to interview minors were not reasons for delay "beyond the control of the state."[9]

Justice Farris dissented, interpreting subsection (A) as not conditioned on the timing of finding probable cause, unlike subsection (B).[10] She observed that subsection (A) is better read to mean that proceeding before the juvenile turns eighteen must be "practicable"; thus, a juvenile court is within its discretion to consider reasons other than probable cause in evaluating whether the State met its burden to show that it was "not practicable" for it to proceed.[11]

## II

The juvenile courts have exclusive and original jurisdiction over proceedings against a respondent who was a minor at the time the charged offense occurred.[12] With several exceptions, including modifications in connection with conditions of probation, "all [juvenile court] dispositions automatically terminate" when a respondent turns eighteen.[13]

---

[8] *Id.* at 332.

[9] *Id.* at 331–32 (quoting Tex. Fam. Code § 54.02(j)(4)(A)).

[10] *Id.* at 333 (Farris, J., dissenting).

[11] *Id.* at 334-35 (Farris, J., dissenting).

[12] Tex. Fam. Code § 51.04; *In re N.J.A.*, 997 S.W.2d 554, 555 (Tex. 1999).

[13] Tex. Fam. Code § 54.05(b).

For felony offenses, however, Family Code Section 54.02 authorizes a juvenile court to waive its exclusive jurisdiction and, in its discretion, transfer the case to criminal court. Section 54.02(j) governs the circumstances for such transfers when the State brings charges after the juvenile turns eighteen. Section 54.02(j)'s provisions "limit the prosecution of an adult for an act he committed as a juvenile if his case could reasonably have been dealt with when he was still a juvenile."[14]

Section 54.02(j) contains several requirements that the State must prove. First, the respondent must have been within the requisite age range at the time of the alleged felony offense.[15] Second, the juvenile court must find that no court had conducted an adjudication or hearing concerning the alleged offense.[16] Third, the juvenile court must determine "that there is probable cause to believe that the child before the court committed the offense alleged."[17] Finally, and most relevant here, the juvenile court must find that statutory good cause justifies the State's failure to proceed before the respondent turned eighteen.

---

[14] *Moore v. State*, 532 S.W.3d 400, 405 (Tex. Crim. App. 2017).

[15] Tex. Fam. Code § 54.02(j)(2) (requiring that the respondent was "(A) 10 years of age or older and under 17 years of age at the time the person is alleged to have committed a capital felony or an offense under Section 19.02, Penal Code; (B) 14 years of age or older and under 17 years of age at the time the person is alleged to have committed an aggravated controlled substance felony or a felony of the first degree other than an offense under Section 19.02, Penal Code; or (C) 15 years of age or older and under 17 years of age at the time the person is alleged to have committed a felony of the second or third degree or a state jail felony").

[16] *Id.* § 54.02(j)(3).

[17] *Id.* § 54.02(j)(5).

8

As discussed, the juvenile court may find one of two good-cause alternatives:

> (A) for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person; or
>
> (B) after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because:
>
>> (i) the state did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of the person;
>>
>> (ii) the person could not be found; or
>>
>> (iii) a previous transfer order was reversed by an appellate court or set aside by a district court[.][18]

The State bears the burden to prove statutory good cause by a preponderance of the evidence.[19] If the criteria to transfer the case are not met, then the juvenile court must dismiss the case.[20]

The courts of appeals review decisions of the juvenile courts using the two-step analysis described by the Court of Criminal Appeals in *Moon v. State*, examining whether sufficient evidence supports the

---

[18] *Id.* § 54.02(j)(4).

[19] *Id.* (permitting transfer when "the juvenile court finds from a preponderance of the evidence" that good cause under either (A) or (B) exists); *Moore*, 532 S.W.3d at 405.

[20] *See N.J.A.*, 997 S.W.2d at 557 ("If the person is over age eighteen, and section 54.02(j)'s criteria are not satisfied, the juvenile court's only other option is to dismiss the case."). After this Court issued its opinion in *N.J.A.*, which concerned a respondent who turned eighteen while proceedings were pending in the juvenile court, the Legislature enacted Section 51.0412, creating continuing jurisdiction for proceedings begun before the respondent's eighteenth birthday.

juvenile court's findings and, if so, whether the decision to transfer was an abuse of discretion.[21] We, too, apply these relevant legal standards to ultimately decide whether the juvenile court abused its discretion.

## A

Originally enacted in 1975, the predecessor version of Section 54.02(j) required the State to prove that (1) probable cause was lacking to charge the minor before the minor turned eighteen and new evidence has been found or (2) the minor could not be found.[22] Section 54.02(j)'s statutory framework has evolved to broaden a juvenile court's authority to transfer cases, gradually expanding the age range of

---

[21] 451 S.W.3d 28, 47 (Tex. Crim. App. 2014), *overruled in part by Ex parte Thomas*, 623 S.W.3d 370 (Tex. Crim. App. 2021). *Moon* interpreted Section 54.02(h) as requiring factually supported, case-specific findings to support the factors enumerated in Section 54.02(f). The courts of appeals have adopted *Moon*'s standard of review for transfers of adult respondents under Section 54.02(j). *E.g.*, *In re A.M.*, 577 S.W.3d 653, 658–59 (Tex. App.—Houston [1st Dist.] 2019, pet. denied). The Court of Criminal Appeals overruled *Moon's* requirement of detailed findings within the transfer order in 2021. *Thomas*, 623 S.W.3d at 377. However, the Court of Criminal Appeals declined to declare a different standard of review, acknowledging that the Legislature had since assigned review of discretionary transfer orders to this Court via an interlocutory appeal. *Id.* at 382–83. The courts of appeals continue to apply the *Moon* standard of review. *E.g.*, *Bell v. State*, 649 S.W.3d 867, 887 (Tex. App.—Houston [1st Dist.] 2022, pet. ref'd); *In re J.A.G.*, 697 S.W.3d 386, 393 (Tex. App.—El Paso 2024, no pet.). The parties do not advance a different standard, and thus we also apply it, save that we review a challenge to a factual sufficiency analysis merely to ensure that the court of appeals applied the correct standard. *See* Tex. Const. art. V, § 6 (providing that the decisions of the courts of appeals "shall be conclusive on all questions of fact brought before them on appeal or error").

[22] Act of May 19, 1975, 64th Leg., R.S., ch. 693, § 16, 1975 Tex. Gen. Laws 2152, 2156.

respondents eligible for transfer depending on the seriousness of the alleged offense.[23]

In 1995, the Legislature added a new statutory good-cause ground not directly linked to probable cause: good cause exists when "for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person."[24] This ground, now in subsection (A), focuses on the practicality of proceeding, whereas the ground in subsection (B) requires the State to show diligence and either (1) a lack of probable cause before the respondent turned eighteen plus new evidence establishing it, (2) an inability to find the respondent, or (3) a court had set aside an earlier transfer order.[25]

Under the two alternatives, the path to transfer diverges based on the development of probable cause. If probable cause develops *after* the respondent's eighteenth birthday, then under subsection (B)(i), the state must show that it acted with diligence and that it was not

---

[23] *Compare id.* (permitting transfer for respondents who were between the ages of fifteen and seventeen at the time of the alleged felony offense), *with* Tex. Fam. Code § 54.02(j)(2) (permitting transfer for respondents who were between the ages of ten and seventeen at the time of the alleged capital felony or murder; or between the ages of fourteen and seventeen at the time of the alleged aggravated controlled substance felony or other first-degree felony; or between the ages of fifteen and seventeen at the time of the alleged second-degree, third-degree, or state-jail felony).

[24] Act of May 25, 1995, 74th Leg., R.S., ch. 262, § 34, 1995 Tex. Gen. Laws 2517, 2534 (codified at Tex. Fam. Code § 54.02(j)(4)(A)).

[25] *Compare* Tex. Fam. Code § 54.02(j)(4)(A), *with id.* § 54.02(j)(4)(B).

practicable to proceed until it discovered new evidence.[26] If probable cause develops *before* the respondent's eighteenth birthday, however, then subsection (A) governs, and the State must show that a reason beyond the State's control made it not practicable to proceed with prosecuting the minor before the minor turned eighteen.

Though the possible grounds for transfer are different depending on whether probable cause developed before or after the respondent's eighteenth birthday, the State may assert both as a basis for transfer. Should the juvenile court reject the State's position that probable cause developed after the juvenile turned eighteen but nonetheless conclude under subsection (A) that it was impracticable for the State to proceed for reasons beyond its control, then the court may exercise its discretion to transfer the case. By moving for a transfer under both subsections, as it did here, the State preserves its grounds for a transfer under either.

**B**

The court of appeals concluded that a probable cause determination is dispositive of whether it is "practicable to proceed" under subsection (A).[27] Subsection (A)'s text, however, contains no such probable-cause parameter. The court of appeals thus erred in its conclusion that, if probable cause exists before a minor reaches eighteen, then the State's motion to transfer under (A) fails.

---

[26] Subsection (B) also permits, with a showing of diligence, the State to demonstrate that the respondent could not be found or that an earlier transfer had been granted but later set aside. *Id.* § 54.02(j)(4)(B)(ii), (iii).

[27] 698 S.W.3d at 331.

Instead, "practicable to proceed" under subsection (A) focuses on a reason or reasons beyond the control of the State, not on the timing of the development of probable cause. Subsection (B) authorizes a transfer when probable cause develops after the minor turns eighteen, which provides context to show that subsection (A) may apply to those cases that do not meet subsection (B)'s criteria of later development of probable cause and the discovery of new evidence.

We then are left with the language of subsection (A), which makes no reference to probable cause but instead focuses on what is practicable to accomplish. We generally give undefined terms in statutes their ordinary meaning.[28] "Practicable" means "reasonably capable of being accomplished; feasible in a particular situation."[29] Under subsection (A), a juvenile court, in the exercise of its discretion, may credit a valid reason or reasons "beyond the control of the state" making it infeasible for the State to proceed before the juvenile turned eighteen.

The Court of Criminal Appeals interpreted subsection (A) similarly in *Moore v. State*.[30] As in this case, the State had charged an adult for an offense alleged to have occurred when he was a minor.[31] The investigation into the offense began when Moore was sixteen, but law enforcement failed to forward the case to the district attorney for more than two years, citing the investigating detective's heavy caseload and

---

[28] *Tex. Health & Hum. Servs. Comm'n v. Est. of Burt*, 689 S.W.3d 274, 280 (Tex. 2024).

[29] *Practicable*, Black's Law Dictionary (11th ed. 2019).

[30] 532 S.W.3d 400 (Tex. Crim. App. 2017).

[31] *Id.* at 401.

belief, in error, that Moore had not reached age eighteen.[32] Without relying on the development of probable cause, the Court of Criminal Appeals held that investigative delays are chargeable to the State in considering whether it was practicable for the State to proceed.[33] And it concluded that the State did not meet its burden where the delays were attributed to a heavy caseload and an error regarding the respondent's age.[34]

The courts of appeals have wrestled with whether specific reasons for delay are "beyond the control of the state," to differing results.[35] On balance, these cases reveal that such a determination is highly fact-specific. The timing of the outcry or crime must be considered

---

[32] *Id.* at 402. Moore pleaded guilty and was placed on deferred-adjudication community supervision. *Id.* He challenged the juvenile court's transfer order on appeal from the criminal district court, and thus his appeal reached the Court of Criminal Appeals. In the interim, the Legislature authorized an appeal from the juvenile court's order as a continuation of the civil proceeding, with appellate jurisdiction carried forward to this Court. Act of May 12, 2015, 84th Leg., R.S., ch. 74, § 3, 2015 Tex. Gen. Laws 1065, 1065 (codified at Tex. Fam. Code § 56.01(c)(1)(A)) ("An appeal may be taken . . . by or on behalf of a child from an order entered under . . . Section 54.02 respecting transfer of the child for prosecution as an adult . . . ."). *See* Tex. Fam. Code § 56.01(a) ("Except as provided . . . an appeal from an order of a juvenile court is to a court of appeals and the case may be carried to the Texas Supreme Court by writ of error or upon certificate, as in civil cases generally.").

[33] *Moore*, 532 S.W.3d at 405.

[34] *Id.*

[35] *Compare, e.g.*, *A.M.*, 577 S.W.3d at 670–72 (investigators' desire for more corroborating physical evidence not a reason for delay beyond the control of the state), *with In re E.B.*, No. 12-22-00162-CV, 2022 WL 17074849, at *4 (Tex. App.—Tyler Nov. 17, 2022, no pet.) (investigators' desire for more corroborating physical evidence showed it was not practicable to proceed).

14

against the time remaining until the juvenile's eighteenth birthday.[36] Reasons for delay beyond the state's control may overcome delays attributable to the state. For example, one court of appeals affirmed a transfer order after weighing the State's two hearing resets before the respondent turned eighteen against the continuances the respondent's counsel sought and ongoing court delays attributable to the pandemic.[37]

Ultimately, such fact-intensive determinations rest with the juvenile court. As the factfinder, the juvenile court determines the credibility of the witnesses and the weight to accord their testimony.[38] The State has considerable discretion in the manner and means of conducting its investigation. Under Section 54.02(j)(4)(A), the juvenile court is charged with examining whether the exercise of this discretion devolved into unreasonable delay.

## C

Having concluded that the court of appeals erred in its analysis of the statute, we turn to the disposition of the case. A reviewing court must defer to the findings of a reasonable factfinder, but a juvenile court

---

[36] *In re B.C.B.*, No. 05-16-00207-CV, 2016 WL 3165595, at *5–6 (Tex. App.—Dallas June 7, 2016, pet. denied) (affirming transfer order where state had only twenty-five days between outcry and juvenile's eighteenth birthday); *In re L.M.B.*, No. 11-16-00241-CV, 2017 WL 253654, at *2 (Tex. App.—Eastland Jan. 6, 2017, no pet.) (affirming transfer order where juvenile court considered "the timing of the outcry, the court's calendar, the attorneys' calendars, the motion for continuance, and 'the time it takes to get [a social] evaluation done'").

[37] *In re N.J.T.*, No. 13-21-00089-CR, 2021 WL 4202165, at *5–7 (Tex. App.—Corpus Christi–Edinburg Sept. 21, 2021, no pet.).

[38] *In re R.R.A.*, 687 S.W.3d 269, 279 n.50 (Tex. 2024).

15

has no discretion to misapply the law.[39] The juvenile court did not find that the State exercised diligence in connection with its finding that "the State did not have probable cause to proceed in juvenile court" before J.J.T.'s eighteenth birthday. The parties agree that, without a diligence finding, the juvenile court had no basis to transfer the case under subsection (B).

Under subsection (A), the appropriate analysis must include an evaluation of whether reasons beyond the control of the State made it impracticable to proceed with J.J.T.'s prosecution before he reached adulthood. The record reflects such delays, like the timing of Tovar's proffer and the inability to quickly decrypt Tovar's phone. In addition, the time between the commission of the offense and J.J.T.'s eighteenth birthday was relatively short, a year and four months, and dovetailed with the pandemic. As the court of appeals observed, however, the record also reflects delays attributable to the State, such as Crain's workload, his preference not to interview juveniles, and his decision not to seek J.J.T.'s phone records until after J.J.T. turned eighteen.

The juvenile court relied on an engrafted finding from subsection (B) that probable cause developed after J.J.T. turned eighteen in ordering the transfer, rather than focusing on a reason or reasons beyond the control of the State that made it not practicable for the State to proceed before the juvenile turned eighteen. The juvenile court's findings, to the extent they rely on the later development of

---

[39] *See HouseCanary, Inc. v. Title Source, Inc.*, 622 S.W.3d 254, 259 (Tex. 2021) ("[F]ailure to analyze or apply the law correctly is an abuse of discretion.").

16

probable cause and new evidence—rather than the reason or reasons for the delay in proceeding before J.J.T. turned eighteen beyond the control of the State—are inconsistent with the text of subsection (A). We decline to attempt to harmonize the juvenile court's findings to assume a correct legal basis for its ruling or to substitute ourselves as the factfinder. Having clarified the law, we remand the case to the juvenile court for a new transfer hearing.

*　　*　　*

The juvenile court and court of appeals erred in tethering "practicable to proceed" to the development of probable cause in evaluating whether the State proved good cause to delay prosecution under Family Code Section 54.02(j)(4)(A). Accordingly, we reverse the judgment of the court of appeals and remand the case to the juvenile court for further proceedings consistent with this opinion.

Jane N. Bland
Justice

**OPINION DELIVERED:** March 28, 2025

17